## SMITH v. BAKER.

No. 20021. Opinion Filed May 10, 1932.

156

W. C. Purdy and Lydick, McPherren & Jordan, for plaintiff in error.

J. S. Ross, S. J. Clay, and Clayton Carder, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kiowa county sustaining a demurrer to an amended petition and dismissing the action. The parties will be referred to as they appeared in the trial court.

From the allegations of the amended petition, it appears that the plaintiff, while in the employ of the defendant and while engaged in the performance of manual labor within the provisions of the Workmen's Compensation Act, sustained an accidental personal injury which arose out of and in the course of the employment. The nature of the injury was loss of sexual organs and consequent loss of sexual power. Compensation was paid to the plaintiff under the provisions of the Workmen's Compensation Act for temporary disability.

The contention of the plaintiff, as stated in the amended petition, is that there is no provision in the Workmen's Compensation Act for compensation for such disabilities as were sustained by him. The plaintiff, in making that contention, overlooked the provisions of section 7288, C. O. S. 1921, as amended by section 5, ch. 61. Session Laws 1923. and section 7290, C. O. S. 1921, as amended by section 6, ch. 61, Session Laws 1923. By the provisions of section 7288. supra, as so amended, an employer is required to promptly provide for an injured employee such medical, surgical, or other attendance or treatment, nurse, and hospital service, medicine, crutches, and apparatus as may be necessary during 60 days after the injury, or for such time in excess thereof as in the judgment of the Commission may be required. Subdivision 2 of section 7290, supra, as so amended, provides for compensation in case of temporary total disability.

The plaintiff bases his claim of a right to maintain a civil action for the recovery of damages on the proviso to section 7337, C. O. S. 1921, as follows:

"* * * Provided, that for any injury for which compensation is not provided under the provisions of this act, the injured party shall have the right of action in the courts for his damage on account of such injury."

The contention of the defendant on the demurrer to the amended petition was that the district court had no jurisdiction of the subject-matter of the action for the reason that, under the facts stated in the amended petition, the State Industrial Commission had exclusive jurisdiction, and that the district court had no jurisdiction.

By the provisions of section 7339, C. O. S. 1921, the right of action to recover damages for personal injuries not resulting in death, arising and occurring in hazardous employments, as defined by the provisions of the Workmen's Compensation Act, and all jurisdiction of the courts of the state over such causes, except the right of action reserved to an injured employee or his dependents or other legal representatives by section 7286, C. O. S. 1921, and section 7337, supra, are abrogated. The provisions of section 7286, supra, therein referred to, relate to cases where the employer has failed to secure the payment of compensation for injured employees as required by the act. That section has no application here, and, unless the claim of the plaintiff is within the proviso to section 7337, supra, there was no error in sustaining the demurrer to the amended petition.

By the provisions of the Workmen's Compensation Act, an employee may receive compensation for accidental injuries arising out of his employment. although there was no actionable fault by his employer, that is, the employee is granted rights that did not exist at common law. and, under the uniform construction of such acts, the rights of an injured employee are the same without regard to whether or not there was actionable fault on the part of the employer. The employee is given the right to compensation in cases where he would have had

no cause of action at law, and he is required to accept the compensation provided by the act, although he would have a cause of action at law in the absence of such an act.

In the instant case, the plaintiff is entitled to compensation under the provisions of section 7288, supra, as amended, and subdivision 2, section 7290, supra, as amended (Lubritorium, Inc., v. Adams, 144 Okla. 234, 291 P. 961), although the defendant was without actionable fault. The fact that in the instant case the defendant was guilty of actionable fault, if he was guilty thereof, does not defeat the application of the provisions of the act or give to the plaintiff a right of action in the civil courts.

This court, in New Amsterdam Casualty Co. v. Reinhart & Donovan Co., 124 Okla. 227, 255 P. 587, held that the provisions of the Workmen's Compensation Act, except as hereinbefore noted, were exclusive, and that a cause of action for the recovery of damages for pain and suffering could not be maintained, although there is no provision of the Workmen's Compensation Act for compensation for pain and suffering. The decision in Fox v. Dunning, 124 Okla. 228, 255 P. 582, was to the same effect. The reason for the rule herein applied was well stated therein. See, also, Brooks v. A. A. Davis & Co., 124 Okla. 140, 254 P. 66, and United States Zinc Co. v. Ross, 87 Okla. 21, 208 P. 805.

The plaintiff relies, to some extent, upon the decisions in Boyer v. Crescent Paper Box Factory (La.) 78 So. 596, Shinnick v. Clover Farms Co., 154 N. Y. S. 423, and Wirta v. North Butte Mining Co. (Mont.) 210 P. 332, and quotes language from them in support of his contention. We think that the cases cited by him are neither controlling nor persuasive.

The injury involved herein arose out of and in the course of the employment of the plaintiff by the defendant, which was within the provisions of the Workmen's Compensation Act, and, under the provisions of that act, the plaintiff was entitled to compensation. Under the facts shown by the record, he was entitled to medical and surgical attention and hospitalization; he was entitled to an award for temporary total disability, and he was entitled to an award for permanent partial disability, under what is denominated "other cases" in section 7290, C. O. S. 1921, as amended by section 6, ch. 61, Session Laws 1923.

The plaintiff herein contends that the particular injuries sustained by him do not entitle him to compensation under the "other cases" provision of the act, for the reason that they do not decrease his earning capacity. Such a condition may result, in many instances, under the provisions of the Workmen's Compensation Act. We mention only two instances: An injured employee is entitled to an award based on disfigurement where the disfigurement is on the parts of the body specified by the provisions of the act, but he is not entitled to an award based upon disfigurement where the scars appear upon other portions of his body. An injured employee is entitled to an award only after the expiration of five days' disability. Section 7287, C. O. S. 1921, as amended by section 4, ch. 61, Session Laws 1923. The disability may cease before the expiration of the five days' period. The fact that the Workmen's Compensation Act does not provide adequate relief in all cases does not authorize a civil action for the recovery of damages.

In the language used in Morris v. Muldoon, 180 N. Y. S. 319:

"If, however, in every case where there could be found some injury not mentioned under the schedule of section 15 of the act, there is a separate right of action at common law for the damages sustained thereby, the Compensation Law would become a farce, and a recovery could be had under the Compensation Law, with the right of action still existing for the injuries not mentioned in the schedule."

To the same effect is Connors v. Semet-Solvay Co., 159 N. Y. S. 431. In the case of Freese v. John Morrell & Co. (S. D.) 237 N. W. 886, there was involved an injury consisting of the loss of one of the testicles and the consequent loss of sexual power, and it was therein contended that a civil action to recover damages might be maintained. The Supreme Court of South Dakota, after an extended discussion, held that the district court had no jurisdiction of the subject-matter of the action. We do not think it advisable to lengthen this opinion by quoting at length from that decision. We approve the rule therein stated.

We find no error in the judgment of the trial court, and that judgment is in all things affirmed.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.