## CAPITOL IRON & METAL CO. et al. v. ROGERS et al.

No. 23952. Opinion Filed Dec. 6, 1932.

Rehearing Denied Dec. 27, 1932.

Cheek & Lee, for petitioners.

W. F. Smith and James V. Harbison, for respondent Bud Rogers.

CULLISON, J. This is an original proceeding before the Supreme Court to review an award made by the State Industrial Commission on July 13, 1932, in favor of Bud Rogers, claimant herein.

The record discloses that claimant was in the employ of Capitol Iron & Metal Company at the time he received an accidental personal injury on January 22, 1931, and that thereafter, on January 28th, claimant filed his claim with the State Industrial Commission.

Petitioner made payment of compensation to claimant, and thereafter, on May 1st, claimant filed his motion before the Commission requiring a hearing to determine the extent of disability.

On May 26, 1931, Bud Rogers, as plaintiff, filed his petition in the district court of Dallas county, Tex., seeking to recover damages for said personal injury from petitioners herein.

Petitioner and insurance carrier filed an answer in said cause and the same was heard by the court and judgment rendered for plaintiff in the amount of $800, which judgment was paid and release thereof procured from claimant.

After procuring said judgment and payment thereof, claimant proceeds before the State Industrial Commission to determine the extent of his disability. Petitioners file an answer setting up the adjudication of said cause in the courts of the state of Texas as a defense. After a hearing the Commission rendered its award favorable to claimant, but credited on said award the amount claimant had been paid under the judgment in the Texas court.

Petitioners appeal to this court and contend that the Commission erred as a matter of law in not holding that the judgment and satisfaction thereof in the district court of Dallas county, Tex., was a bar to said proceedings.

It will be observed that the accidental injury occurred within the state of Oklahoma, in such employment as to bring it within the scope of the Workmen's Compensation Law and under the jurisdiction of the State Industrial Commission.

Immediately after said accident had occurred a regular claim was filed before the State Industrial Commission, and thereby giving said Commission jurisdiction of said cause.

The claim had not been concluded by any of the methods prescribed whereby a claim could be concluded under the Compensation Law, but under the continuing jurisdiction of the Industrial Commission said Commission retained jurisdiction of said cause from the date said claim was filed with the State Industrial Commission until said claim was legally concluded in accordance with the Compensation Law.

The claim had not been regularly concluded in any manner whatsoever, so that the State Industrial Commission had jurisdiction of said cause as a valid claim existing in said court at the time the claimant attempted to file his petition in the district court of Dallas county, Tex., and the fact that said petition was filed in the district court of Dallas county, Tex., a trial had thereon, and judgment rendered favorable to the plaintiff, would in no wise oust the State Industrial Commission of jurisdiction in said cause.

When the Commission once acquires jurisdiction, it retains it for all times unless said cause should be legally concluded, and the fact that claimant attempted to file the cause in the court of another state did not oust the Industrial Commission of its jurisdiction.

Therefore, the Commission had jurisdiction of said cause, and it was not estopped to proceed thereon because of the rendition of a judgment in the Texas court.

The petition to vacate is denied, and the award affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.