## MALONE v. UNITED ZINC & SMELTING CORP.

No. 26537.    Feb. 4, 1936.

Wilson & Porter, for plaintiff in error.

Commons & Chandler, for defendant in error.

GIBSON, J. The plaintiff in error and defendant in error will be referred to herein as plaintiff and defendant, respectively.

On April 28, 1934, plaintiff was injured while in the employ of the defendant. The case was one coming within the exclusive jurisdiction of the State Industrial Commission. Claim was filed with the commission

644

and plaintiff received compensation until October 20, 1934. At that time the parties filed a joint petition with the commission pursuant to the provisions of section 13391, O. S. 1931, seeking final settlement of plaintiff's claim.

After a consideration of the joint petition, together with the evidence submitted therewith, and in pursuance of the agreement of the parties as expressed in said petition, the commission made final award to plaintiff in the sum of $700, and the case was closed. No appeal, as provided in section 13391, supra, was taken from the final order.

On March 16, 1935, plaintiff commenced this action in the district court of Ottawa county to recover damages for the injuries so received, and seeking to avoid the final order of the Industrial Commission on the ground of fraud. From the order and judgment of the trial court sustaining defendants' demurrer to the petition, the plaintiff has appealed.

The demurrer raised the question of the court's jurisdiction over the subject-matter of the action, and the question of the sufficiency of the petition. Demurrer was sustained on both grounds, and these questions are brought here by this appeal.

Plaintiff takes the position that the final award of the commission was procured by fraud on the part of the defendant, and that he may have the same set aside in this action; that by reason of said award being invalid as to him, he is now entitled to recover damages for his injuries at common law. In this behalf it is contended that plaintiff may no longer seek relief through the commission for the reason that said commission is precluded from assuming further jurisdiction of said claim by the provisions of section 13391, supra, to the effect that where such an award is made on joint petition, "thereafter the commission shall not have jurisdiction over any claim for the same injury or any results arising from same."

It is conceded that the Industrial Commission had original jurisdiction of plaintiff's claim. Its order of final award thereon became final, since review was not commenced in 30 days. Sections 13363, 13391, O. S. 1931; Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217. In that case we said:

"The State Industrial Commission is an administrative body exercising quasi judicial powers, and its jurisdiction is limited to those matters which are expressly or by necessary implication delegated to it by prop-or legislative enactment." McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. (2d) 32.

The orders and judgments of inferior tribunals, boards, or commissions exercising quasi judicial powers, made when acting within their powers and upon matters over which their jurisdiction has been duly invoked, are as free from collateral impeachment as are the orders and judgments of courts of superior and general jurisdiction. State v. Sinclair Prairie Oil Co., 171 Okla. 498, 41 P. (2d) 876.

There is no method provided by statute whereby a final order of the Industrial Commission may be set aside after time for appeal has expired; and the commission is invested with no equitable powers sufficient to authorize investigation of the validity of its final orders. Where there exists no remedy at law, a final judgment may be annulled by direct attack in an equitable proceeding to set aside such judgment on the ground of fraud practiced by the opposing party in procuring the judgment where such fraud is extrinsic to the issues tried and determined by the court when rendering such judgment. (McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739), and where the fraud was such as to prevent the complaining party from having a trial of the issues (Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632; Beatty v. Beatty, 114 Okla. 5, 242 P. 766).

In view of the foregoing decisions, it is our opinion that the district court of Ottawa county would have jurisdiction to set aside the order herein mentioned upon proper allegations and proof of extrinsic fraud practiced by defendant in procuring such order. If plaintiff's petition stated sufficient grounds to justify a court of equity in avoiding the order of the commission, said petition was good as against general demurrer, and the district court had power to cancel said order.

We say, however, that in event plaintiffs should succeed in avoiding the order, he would not then be entitled to maintain a common-law action for damages resulting from his injuries. The Workmen's Compensation Laws of this state abrogated the common-law right of action for accidental injuries not resulting in death by persons employed in certain hazardous occupations, and substituted therefor the remedy embraced in said compensation laws, and made such remedy exclusive. Adams v. Iten Biscuit Co, 63 Okla. 52, 162 P. 938; Henly v. Okla. Union Ry. Co. 81 Okla. 224, 197 P. 488;

New Amsterdam Casualty Co. v. Reinhart & Donovan Co., 124 Okla. 227, 255 P. 587; Smith v. Baker, 157 Okla. 155, 11 P. (2d) 132. This statement subject, however, to cases where the employer has not complied with certain provisions of law. Section 13352, O. S. 1931. In all cases coming within the jurisdiction of the commission and over which its jurisdiction has been duly invoked, the commission retains jurisdiction thereof until the cause is validly closed. Capitol Iron & Metal Co. v. Rogers, 161 Okla. 137, 17 P. (2d) 433. If the order closing the cause was voidable, the claim of plaintiff then pending in the commission was still pending therein at the option of plaintiff, and upon the cancellation of said order by a court of competent jurisdiction, the powers of the commission interrupted by a voidable order, reattached and continued until a valid order was issued closing the case. The provisions of section 13391, O. S. 1931, supra, were not intended to destroy the commission's jurisdiction in a case where the final order therein mentioned was invalid and did not serve as a final settlement of the issues.

The allegations of fraud relied upon by plaintiff to vitiate the order are to the effect that he was examined and treated for his injuries by certain physicians employed by defendant; that after several weeks' treatment he failed to regain his health; he was a helpless cripple at all times prior to the filing of the joint petition. He was advised by defendant's superintendent to settle his claims; that he was approached by certain other alleged employees of the defendant advising him to settle. He was kept in complete ignorance of the seriousness of his condition by the reports of defendant's employees. He saw none of the reports of the physicians, except the one rendered by Dr Aisenstadt which he recently obtained from the commission. He was overreached by defendant by reason of his own ignorance and his serious and immediate need of financial aid, and on account thereof he yielded to defendant's demands and accepted settlement before the commission. It is further alleged that by reason of defendant's fraudulent representations, he was induced to believe his injuries not serious and permanent, and for that reason he did not appear before the commission when his petition was presented.

The report of Dr. Aisenstadt above referred to was attached to the joint petition and made a part thereof. The doctor's report stated that plaintiff's disability would continue no longer than two or three weeks, and that plaintiff was either exaggerating his condition or was a malingerer. Plaintiff alleges he did not see this report until after the final order on the petition. He does not allege that the report was not attached to the petition when he signed it.

Do allegations charge extraneous fraud? When considered in the light of the decisions of this court, we must conclude that none of them is sufficient to charge such fraud.

The matter tried before the commission was the extent of plaintiff's injuries. He charges that defendant obtained the commission's final order by misrepresenting the nature and extent of those injuries. Such alleged misrepresentations were clearly as to matters directly in issue. To investigate that testimony would be to retry the issues already submitted to the commission at the former hearing. In reality plaintiff charges the testimony was perjured. A judgment obtained on perjured testimony cannot be set aside in equity. Such fraud is not extraneous to the issues. Gray v. McKnight, 75 Okla. 268, 183 P. 489; Vacuum Oil Co. v. Brett, supra.       •

Plaintiff did not go before the commission to present his cause. He alleges he remained away on account of the fact that he was misled into the belief that his injuries were not serious. Proceedings before the Industrial Commission are adversary trials. Such proceedings are for the purpose of settling controversies between parties. In the absence of a promise to the contrary, the defendant was under no obligation to convert the proceedings into an ex parte hearing for the benefit of the plaintiff. It is not charged that defendant, by false representations, prevented plaintiff from submitting his cause fully to the commission. At all times he had a fair chance to ascertain the extent of his injuries by aid of his own physicians, and to submit their findings to the commission. While a joint petition was submitted to the commission, there was nevertheless a real contest at the hearing thereon, for the commission was authorized to deny the prayer of the petition in event the evidence warranted more compensation. There is no charge in the petition that plaintiff, by reason of fraud, was prevented or denied the right to contest the case further before the commission. If, by reason of fraud, a real trial of the issues is prevented, then, and not until then, the fraud is said to be extraneous and such that may avoid the judgment. Where a party in full possession of his faculties fails to present his evidence on the is-

sues merely because his opponent has persuaded him by false representations that there are no issues or evidence, the fraud so practiced is clearly within the matters tried. The evidence on the matters to which such fraud related could have been presented by the exercise of due diligence on the part of the complaining party. In such case the fraud cannot be said to have prevented a trial of the cause.

The cases referred to by plaintiff (Cameo Blackstone Coal Co. v. Purcell, 153 Okla. 21, 4 P. [2d] 753; I. T. I. O. v. Ray, 153 Okla. 163, 5 P. [2d] 383), as holding that the Industrial Commission loses further jurisdiction of a claim after entering final order on joint petition, do not deal with orders voidable on the ground of extraneous fraud and are not in point with the case at bar.

For the reasons herein stated, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, and CORN, JJ., concur. BUSBY and PHELPS, JJ., absent.