**WILSON & CO., Inc., OF OKLAHOMA v. MUSGRAVE.**

No. 26818. May 11, 1937.

Rehearing Denied June 8, 1937.

Bennett & Bennett, for plaintiff in error.

Carmon C. Harris and Ray Teague, for defendant in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county. The action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages for personal injuries alleged to have been sustained. Defendant was engaged in the operation of a meat packing plant and in the manufacture of food products. The plaintiff at the time of her alleged injury was an employee in the plant of the defendant. Plaintiff's action was predicated upon alleged negligence of the defendant resulting from failure to furnish her a safe place in which to work. Defendant by demurrer and answer challenged the jurisdiction of the district court on the ground that the plaintiff at the time of her alleged injury was employed in an industry or business enumerated in the Workmen's Compensation Law and defined as hazardous by said law, and that therefore the State Industrial Commission had exclusive jurisdiction to hear and determine plaintiff's claim and to award compensation, if any should be due. The challenge was overruled and denied and the cause was tried to a jury. The jury returned a verdict in favor of the plaintiff and assessed her recovery at the sum of $1,500. The defendant appeals from the judgment rendered on the verdict and order overruling its motion for new trial. The question formulated for our determination is whether the plaintiff was an employee

protected by the provisions of the Workmen's Compensation Act at the time of her injury. If our answer to this question is in the affirmative, then the State Industrial Commission had exclusive jurisdiction in the premises and the plaintiff's action was not maintainable in the courts of this state. Smith v. Baker, 157 Okla. 155, 11 P. (2d) 132; Malone v. United Zinc & Smelting Co., 175 Okla. 643, 54 P. (2d) 360. The controlling facts determinative of this question may be thus summarized: Defendant is a corporation engaged in packing, processing, and manufacturing meats and food products and uses power-driven machinery for that purpose; among other things, it processed and manufactured egg products, using power-driven machinery in such process. The plaintiff at the time of her injury was working in a large room located in the plant of the defendant and was engaged in manual labor consisting of transferring eggs from crates to buckets or other containers preparatory to the processing operations which the eggs underwent in power-driven machinery. The machines were not in the room in which plaintiff was working, but were partitioned off therefrom and located in what was essentially another room. It is conceded that the injury to the plaintiff arose out of and in the course of her employment. It is the contention of the plaintiff that the defendant had and maintained a number of separate departments, some of which were hazardous and some of which were nonhazardous within the meaning of the Workmen's Compensation Law, and that her work was confined to a department which was nonhazardous, and that therefore she did not come within the provisions of the act and consequently could maintain this action. That an employer can maintain such separate departments in connection with his business is no longer an open question in this jurisdiction. As said by this court in Lee Way Stage Lines v. Simmons, 166 Okla. 203, 26 P. (2d) 905:

"Under the provisions of the Workmen's Compensation Act, an employer may conduct different departments of business, some of which are within the provisions of the act and some of which are not within the provisions of the act."

To the same effect see Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. (2d) 405; Ingram Drug Co. v. O'Brien, 164 Ok'a. 228, 23 P. (2d) 642, and Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519. However, before the rule announced in the above cases may be invoked, it is necessary that the division be real and not superficial or fictitious. The test in each instance is the nature of the employment. If the employments are separate and distinct and not merely for the purpose of convenience in the operation of business, then there exists a true division, and the rights of the employees in such division and the liability of the employer are governed by the particular type of employment involved. If, however, the employment is for a single and entire purpose, the mere fact that different individual departments and divisions may have different functions to perform, some of which by reason of their location or nature are not inherently hazardous, does not constitute them any less an integral part of the whole. Thus, in manufacturing the process is in its nature ordinarily continuous from the reception of the raw material until the completion of the finished product. Although some of the operations may be done by hand and others by machinery and in different rooms, the nature of the employment is not changed. It is at all times one of manufacture. On examination of the Workmen's Compensation Law we find that among the employments enumerated therein (section 13349, O. S. 1931) are "factories* * * where machinery is used." And that by subdivision 1 of section 13350 O. S. 1931, it is provided:

" 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283 (13349), except employees engaged as clerical workers exclusively."

And that by subdivision 4 of said section 13350, supra, it is further provided:

" 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this act."

And also by subdivision 10 of said section 13350, supra, factories are defined as follows:

" 'Factory' means any undertaking in which the business of working at commodities is carried on with power-driven machinery, either in manufacture, repair, cleaning or assorting, and shall include the premises, yard, and plant of the concern. * * *"

That the primary business of the defendant came within the definition of a factory and was one of those employments enumerated in section 13349 is clearly established by the evidence and is in fact conceded by the parties. The work which plaintiff was performing at the time of her in-

248

jury, as shown by the evidence, was incident to and connected with the principal business of the defendant, which was that of manufacturing. The transfer and preparation of eggs for the mixing machine being but a mere link in the process and the fact that it was performed in a room which had no machinery located therein did not in any manner alter its connection or change the type of employment in which the plaintiff was engaged. To say that an employee engaged in hazardous employment as defined by the Workmen's Compensation Law can be deprived of the protection of the act merely because at the moment he may be performing some duty of a simple nature or at a point where there is no machinery would be to defeat the entire purpose of the act and to render nugatory its beneficent provisions. The Legislature never had any such intent, and no such construction has ever been placed upon the act by the courts. When different types of employments are involved, separate and distinct in their nature, a different situation is presented and a different rule applies. Ordinarily, however, the rule is as stated in Petroleum Chemical Corp. v. State Ind. Com., 154 Okla. 67, 6 P. (2d) 775, wherein this court said:

"Where a claimant was performing manual labor in a hazardous employment as an employee when injured, and the injury arises out of and in the course of the employment, he is entitled to compensation for the disability sustained, in the absence of a showing that the employment did not come within the provisions of the Workmen's Compensation Act."

Under the facts as shown in the record herein, the plaintiff was an employee in a hazardous business or industry as enumerated and defined by the Workmen's Compensation Law, and was therefore entitled to claim the benefits of its provisions and was precluded thereby from maintaining an action in the courts. The trial court therefore erred in holding that the court had jurisdiction of this action and should have dismissed the claim and relegated the plaintiff to the remedy which she had under the Workmen's Compensation Law. In view of the conclusion thus reached, the cause must be reversed, with directions to dismiss the action for want of jurisdiction.

Reversed and remanded, with directions.

BAYLESS. V. C. J., and BUSBY, PHELPS, CORN, and HURST, JJ., concur.