**GAY v. E. H. MOORE, Inc., et al.**
**No. 6667.**

District Court, E. D. Oklahoma.
Feb. 14, 1939.

750

J. L. Emerick, of Ada, Okl., for petitioner.

Butler, Brown & Rinehart, all of Oklahoma City, Okl., for respondent.

RICE, District Judge.

This cause was originally begun in the District Court in Pontotoc County, State of Oklahoma, and upon petition of defendants removed to this court and filed herein on June 23rd, 1938; thereafter the defendants each filed separate special demurrers on July 13th, 1938. On October 17th, 1938, the special demurrers were presented in open court and thereupon briefs were ordered by the court to be filed.

■ The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, became effective on September 16th, 1938. Rule 86 provides that: "* * * they govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

Rule 81(c) provides that: "These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal. * * *" It is the opinion of the court that the new rules should govern the proceedings in this cause.

■ Since demurrers have been abolished by the new rules (Rule 7 (c) it is necessary to determine what effect shall be given under the new rules to a demurrer filed before the effective date of the said rules.

The purpose of a demurrer under the state law and under the former practice in this court was to test the sufficiency of the allegations of the plaintiff's petition. The pleading under the new rules raising the same legal question is a motion to dismiss for failure to state a claim upon which relief can be granted (Rule 12(b) (6). Although this motion or defense may be joined with the answer it is proper to dispose of the same prior to the trial whether the motion is filed prior to or included with an answer. The special demurrer filed by each of the defendants will, therefore, be treated as a motion to dismiss on the grounds that the petition filed by the plaintiff fails to state a claim upon which relief can be granted. In so treating a demurrer it is not to be understood however that a motion to dismiss is identical with a demurrer. It is not necessary, however, to discuss the difference.

■ In considering the plaintiff's petition and the sufficiency of it to state a claim upon which relief may be granted it shall be considered in the light of the liberal construction contemplated by the new rules. Rule 8(e) (1) provides: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." The necessary allegations in a complaint after alleging grounds for the court's jurisdiction are, Rule 8(a) (2) "A short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. * * *" Rule 8(e) (2) "A party may set forth two or more statements of a claim or defense alternately or hypothetically * * *." Rule 54(c) provides: "* * * except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Keeping in mind the foregoing rules we look to the petition of the plaintiff, now considered as a complaint, to determine whether or not it is subject to be dismissed for failure to state a claim upon which relief can be granted. Briefly summarized the petition alleges that the plaintiff was in the employ of E. H. Moore, Inc., engaged in a hazardous occupation, and that the defendant, Employers' Liability Assurance Corporation, was the insurer for E. H. Moore, Inc., under the provisions of the Workmen's Compensation Law of the State of Okla-

homa, 85 Okl.St.Ann. § 1 et seq. That while working for E. H. Moore, Inc., he received an injury; that his claim was filed with the State Industrial Commission and compensation was paid by the insurance carrier for the employer; that the defendant insurance carrier furnished medical treatment and advice to the plaintiff and that the plaintiff relied exclusively upon the advice of the physicians furnished by the defendants; that on February 6th, 1937, the plaintiff was advised by the doctors and physicians furnished by the defendants that he had sustained no further temporary or total disability than that for which he had been paid prior to February 6th, 1937; and that he was at that time sustaining no residual disability whatever as a result of his said accident. That at the insistence and at the request of the defendants he signed a joint petition by which he agreed to compromise his claim and as a result of this joint petition which was signed by the defendants, The State Industrial Commission entered an order by which the employer and insurance carrier were directed to pay the sum of eight hundred ($800) dollars to the plaintiff, making a total of $854 paid to the plaintiff. That by reason of said order of the State Industrial Commission made upon the joint petition of the plaintiff and defendants the State Industrial Commission was divested of further jurisdiction of the question as to whether or not the plaintiff was entitled to further compensation for said injuries. The plaintiff then alleges that he was at the time suffering from disabilities unknown to him and that in truth and in fact he was permanently and totally disabled and is permanently and totally disabled at this time; and then he alleges that the doctors furnished by the defendants either did not know of his condition or if they knew that they concealed from him the fact of his permanent and total disability and that said compromise and settlement was made without due consideration or under mistake or was fraudulent. Plaintiff alleges that he would not have signed the petition for joint settlement except for the representations made to him by the defendants' doctors. The plaintiff then alleges that by reason of the settlement he has lost his cause of action and has been damaged in the sum of $8,146, the difference between $9,000 allowed under the Workmen's Compensation Act of the State of Oklahoma for permanent and total disability and the sum of $854 paid by the defendants under said Work-

men's Compensation Act and the plaintiff seeks a judgment against the defendants for said sum.

Plaintiff has misconceived his remedy and is seeking relief to which he is not entitled under the law, but this does not mean that his petition should be dismissed; for, if under the allegations of the petition he is entitled to any relief, the court upon a hearing may grant him the relief to which he is entitled regardless of the prayer in the petition, Rule 54(c).

■ At the beginning of this controversy the State Industrial Commission had jurisdiction to award plaintiff compensation for his injury. His common law right of action for personal injury has been abrogated by the Workmen's Compensation Law of the State of Oklahoma and his remedy before the Industrial Commission was exclusive. Malone v. United Zinc & Smelting Corp., 175 Okl. 643, 54 P.2d 360; Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938; Henly v. Okl. Union R. Co., 81 Okl. 224, 197 P. 488, 18 A.L.R. 427; New Amsterdam Casualty Co. v. Reinhart & Donovan Co., 124 Okl. 227, 255 P. 587; Smith v. Baker, 157 Okl. 155, 11 P.2d 132.

■ Under the provisions of the Workmen's Compensation Law, Sec. 13391, Okla. Stat.1931, 85 Okl.St.Ann. § 84, the commission is empowered to make a final award upon joint petition of the parties " * * * and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same." There is a provision for an appeal from orders of the State Industrial Commission, but there is no contention that an appeal was taken in this case. The Workmen's Compensation Law of Oklahoma provides no method for the setting aside of a final order of the Industrial Commission after the time for appeal has expired. The Commission is invested with no equity powers sufficient to authorize an investigation of the validity of its final order. Such being the case the plaintiff's only remedy is an equitable proceeding to set aside said final order of the Industrial Commission. Malone v. United Zinc & Smelting Corp., supra. If the plaintiff may succeed in setting aside the final order of the Industrial Commission the powers of the Commission interrupted by a voidable order will reattach and continue until a valid order is issued closing the case. Malone v. United Zinc & Smelting Corp., supra.

752

It is true that the Supreme Court of Oklahoma in Malone v. United Zinc & Smelting Corp., supra, held that the petition failed to state facts sufficient to warrant the setting aside of the order of the Industrial Commission on the grounds of fraud. In the opinion in regard to that question the court says: "It is not charged that defendant, by false representations, prevented plaintiff from submitting his cause fully to the commission." [175 Okl. 643, 54 P.2d 362.] Said opinion recognizes the principle of law that if by reason of fraud a real trial of the issues is prevented the judgment may be avoided. Without going into a complete discussion and comparison of the facts in this case with those in the Malone v. United Zinc & Smelting Corp. case, it is sufficient to say that the plaintiff in this case was not aware of his alleged physical condition at the time he filed the joint petition. He says he relied upon the information furnished by the defendants' doctors. We think, in the absence of something that would place him upon notice that the defendants' doctors were not properly informing him of his condition, he was entitled to rely upon that information. He alleges in his petition in the alternative that the doctors concealed from him the facts that he was suffering from an injury that rendered him totally and permanently disabled. We think that under the allegations of the plaintiff's petition he is entitled to a trial in a court of equity and that his relief, if any, is the setting aside of the final order of the State Industrial Commission.

Plaintiff makes the unique contention that he is not seeking damages under his common law action for personal injury, but that he is seeking damages for the loss of a cause of action occasioned by the fraud of the defendants. This contention can not be successfully maintained. Before the plaintiff is entitled to any relief it is necessary that he successfully avoid and set aside the final order of the State Industrial Commission. Once that is accomplished the State Industrial Commission is in a position to extend him complete relief. His claim before the Industrial Commission will be a pending claim and no other court will have jurisdiction to proceed and grant him relief.

It is, therefore, ordered by the court that the special demurrers of the defendants and each of them be, and they are hereby, overruled and the defendants are granted ten days from the date of receipt of a copy of this order to file their responsive pleading.