CAVENDER v. WOFFORD DRILLING CO. et al.

No. 30324.   March 3, 1942.

*123 P. 2d 261.*

B. A. Hamilton and Eben L. Taylor, both of Tulsa, for plaintiff in error.

George F. Short, Welcome D. Pierson, John F. Reed, and Max G. Morgan, all of Oklahoma City, for defendants in error.

PER CURIAM. The plaintiff in error, hereinafter referred to as plaintiff, instituted this action on August 12, 1940, in the court of common pleas of Tulsa county against the defendants in error, hereinafter referred to as defendants, to obtain the vacation of a final award which had been made by the State Industrial Commission on December 17, 1937, after a hearing had on joint petition and in the manner authorized by section 13391, O. S. 1931, 85 Okla. St. Ann. § 84.

In his petition plaintiff alleged, in substance, that he sustained an accidental personal injury on October 2, 1937, which was compensable under the provisions of the Workmen's Compensation Act (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.); that defendants furnished necessary medical care and attention and that the doctors so furnished advised the plaintiff that his injuries were not of a serious nature and would leave but slight, if any, impairment; and that both plaintiff and defendants, believing such to be the truth, presented a joint petition to the State Industrial Commission wherein they requested such tribunal to take jurisdiction of the petition and to enter a final award which would forever adjudicate and settle the rights and liabilities of the respective parties to said joint petition; that the State Industrial Commission held a hearing on said petition as directed by statute, supra, and thereupon decided that it would be for the best interest of the parties that it assume jurisdiction and make an award which would be final and which would preclude any further consideration of the same injury or any of its consequences, and thereupon made such award; that plaintiff accepted the same and that the defendants made payment as therein directed; that it subsequently developed that the parties were either mistaken as to the facts at the time they appeared before the State Industrial Commission and invoked its jurisdiction, or the defendants, having knowledge of the true condition of plaintiff, withheld such knowledge from the plaintiff and the Industrial

Commission and thus induced it to enter the award in ignorance of the true state of facts. Plaintiff therefore prayed that the court of common pleas in the exercise of its equitable jurisdiction would vacate and set aside the award and permit the plaintiff to again present his claim to the State Industrial Commission for further action. The trial court sustained separate demurrers interposed to said petition and dismissed the same. The plaintiff prosecutes this appeal and urges here that the award made by the State Industrial Commission should be held to have no other or different effect than a common-law release, and hence be subject to vacation on the ground of mutual mistake or extraneous fraud. In support of such position we are cited to Gay v. E. H. Moore, Inc., 26 Fed. Supp. 749, and to a number of cases both from this and other jurisdictions wherein releases given in personal injury actions have been considered. We, however, deem all of such cases with the exception of Gay v. Moore, Inc., supra, to be inapposite to the situation here presented. The compensation which is payable to injured employees under the Workmen's Compensation Act (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.) is confined to employees in certain industries and does not constitute indemnity for any physical injury sustained, but is compensation for loss of wage-earning capacity. See Asplund Const. Co. v. State Industrial Commission, 185 Okla. 171, 90 P. 2d 642; Van Orman v. Robinson, 150 Okla. 156, 300 P. 412. The State Industrial Commission is clothed with exclusive original jurisdiction over all claims for compensation under said act (sections 13360 and 13391, O. S. 1931, 85 Okla. St. Ann. §§ 26 and 84) subject only to a judicial review in this court upon timely proceeding prosecuted to obtain such action. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P. 2d 579. An award made pursuant to the provisions of section 13391, O. S. 1931, 85 Okla. St. Ann. § 84, differs from any other award made by the State Industrial Commission in that it is not made as a matter of right upon application of the parties, but in the exercise of the sound discretion and independent judgment of the State Industrial Commission after a hearing and after a full and complete investigation into all of the facts and a determination that such action would be for the best interest of all of the parties involved. See Willett v. State Industrial Commission, 129 Okla. 101, 263 P. 664. Such award is subject to review in the same manner as any other award made by the State Industrial Commission if proper steps therefor are had. Conrad v. State Industrial Commission, 181 Okla. 324, 73 P. 2d 858. Where no such proceeding for review has been had, the award becomes final and conclusive, not only upon the parties but also upon the State Industrial Commission, and precludes any further consideration of the injury or any claim arising thereunder or in consequence thereof. See section 13391, O. S. 1931, supra; the only exception being that in case the award had been procured by means of extraneous fraud which has prevented one of the parties from having a fair trial, such party may maintain an action in a court of general equitable jurisdiction to have the same vacated on such grounds. See Malone v. United Zinc & Smelting Corp., 175 Okla. 643, 54 P. 2d 360. Such award, however, cannot be vacated either because the evidence given at the hearing was false or as the result of mistake of parties relative to the true facts concerning which they testified at such hearing and upon which the award of the State Industrial Commission was based. Since, if this were permissible, then there could never be any finality to any award and the commission would be obliged to constantly entertain litigation which involved the same matters which it had for consideration when it first assumed jurisdiction of the joint petition and proceeded to hear the evidence of the parties. See Malone v. United Zinc & Smelting Co., supra; Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632.

The plaintiff appeared before the State Industrial Commission at the time the award here involved was made, and we must presume that all of the facts were investigated by the commission prior to the assumption by it of jurisdiction, and that it performed the duty imposed upon it by statute when it determined that the best interest of the plaintiff and the defendants would be served by making a final award in the premises which would forever put at rest any further litigation arising out of or in consequence of the injury which the plaintiff had sustained. The plaintiff nowhere in his petition charges that he was prevented from having a full and complete investigation of his disability made at the time that he was before the commission or that any extraneous fraud was practiced by the defendants. In reality he does not charge the defendants with any fraud whatsoever except in the alternative, and then only on the supposition that the defendants should have known that his condition possibly would be more serious than any of the parties thought it to be. This in our opinion is to place an impossible and unreasonable burden upon a defendant in an action at law or respondent in a proceeding before the State Industrial Commission, since the mere appearance of the parties before a tribunal assumes a purpose on their part to have such tribunal investigate, sift, weigh, and consider all of the facts involved and to make a decision thereon upon which the parties may act and rely. In view of the conclusion thus reached, we deem it unnecessary to enter into any discussion of the case of Gay v. Moore, Inc., supra, since it does not accord with our views upon the subject. The trial court proceeded properly when it sustained the demurrers of defendants to the amended petition of the plaintiff, and therefore said order and judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and HURST, JJ., concur. OSBORN, J., dissents. DAVISON and ARNOLD, JJ., absent.