GIBBINS v. INDIAN ELECTRIC CO-OPERATIVE, Inc., et al.

No. 34222.  June 13, 1950.

*219 P. 2d 684.*

Fred Davis, of Oklahoma City, for petitioner.

H. R. Palmer and Fenton, Fenton & Thompson, all of Oklahoma City, Mac Q. Williamson, Atty. Gen., and Williford Gragg, of Tulsa, for respondents.

JOHNSON, J. On the 22nd day of September, 1948, Melvin E. Gibbins, claimant, filed his first notice of injury and claim for compensation stating that he sustained serious permanent injuries from a severe electric shock on April 15, 1948, while employed by Indian Electric Co-operative, Inc. Thereafter, on the 4th day of October, 1948, an order on joint petition was entered by virtue of which claimant was paid $2,800 for the resulting disability. On the 23rd day of April, 1949, claimant filed an application to vacate and set aside the order on joint petition, alleging, among other things, that the employer and its insurance carrier concealed from claimant the fact that he was entitled to be represented by counsel. On the 6th day of May, 1949, the trial commissioner, after finding that there had been a settlement on joint petition which had become final, denied the application on the ground that he had no jurisdiction to consider the same, and on appeal to the commission en banc the order of the trial commissioner was sustained.

The order refusing to vacate the order entered upon joint petition must be sustained. An award made pursuant to the provisions of 85 O. S. 1941 §84 is subject to review in the same manner as any other award made by the State Industrial Commission if proper steps therefor are taken. Conrad v. State Industrial Commission, 181 Okla. 324, 73 P. 2d 858; Cavender v. Wofford Drilling Co., 190 Okla. 291, 123 P. 2d 261.

In Malone v. United Zinc & Smelting Corp., 175 Okla. 643, 54 P. 2d 360, it is stated in syllabus one:

"The final award of the State Industrial Commission made on joint petition pursuant to section 13391, O. S. 1931, may be annulled in an equitable proceeding in district court on the ground of fraud practiced in procuring the award, where such fraud is extraneous to the issues tried before the commission and was such that prevented the complaining party from having a trial of the cause."

In the body of the opinion it was said:

"There is no method provided by statute whereby a final order of the Industrial Commission may be set aside after time for appeal has expired; and the commission is invested with no equitable powers sufficient to authorize investigation of the validity of its final orders. Where there exists no remedy at law, a final judgment may be annulled by direct attack in an equitable proceeding to set aside such judgment on the ground of fraud practiced by the opposing party in procuring the judgment where such fraud is extrinsic to the issues tried and determined by the court when rendering such judgment, McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739, and where the fraud was such as to prevent the complaining party from having a trial of the issues. Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632; Beatty v. Beatty, 114 Okla. 5, 242 P. 766."

In Cavender v. Wofford Drilling Co., supra, the syllabus states:

"A final award made by the State Industrial Commission in the exercise of its original jurisdiction in the manner provided by section 13391, O. S. 1931, 85 Okla. St. Ann. sec. 84, may be vacated only by a proceeding instituted in this court within the time limited for instituting such proceeding or by a court of general jurisdiction in the exercise of its equitable power where the award had been procured by means of extrinsic fraud."

No appeal was prosecuted to review the order made on joint petition and it became final, and under the above decisions the State Industrial Commission thereafter was without jurisdiction to consider an application to vacate the proceeding. The order was the only one that could have been made in the case at bar.

Order sustained.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.