Edna MORGAN, Plaintiff in Error,

v.

VANDEVERS DRY GOODS COMPANY, a corporation, Defendant in Error.

No. 39520.

Supreme Court of Oklahoma.

March 20, 1962.

Rehearing Denied April 17, 1962.

Dale J. Briggs, Tulsa, for plaintiff in error.

Donald Church, Tulsa, for defendant in error.

BERRY, Justice.

In her petition filed below, plaintiff in error, hereafter referred to as "plaintiff", alleged that while working as a saleslady

for defendant in error, a retail mercantile establishment, hereafter referred to as "defendant", she sustained serious and permanent bodily injuries; that defendant was negligent and that its negligence was the proximate cause of her injuries. Plaintiff sought to recover $91,000.00 as damages.

Among the defenses asserted by defendant in its answer was that, although not required to do so, defendant had procured insurance that provided benefits for its employees under the Workmen's Compensation Act, 85 O.S.1961 § 1 et seq.; that plaintiff elected to proceed under said Act by filing a claim before the Industrial Commission, hereafter referred to as "Commission"; that as a result of a "Joint Petition" filed before the Commission, an order was promulgated awarding plaintiff compensation for the injuries which form the basis of the instant action; that the order was final and served to bar plaintiff's action for damages.

In an amended reply to the answer, plaintiff alleged that the order of the Commission was void and should be set aside for the reason same was procured by fraud, to-wit: the plaintiff refused to enter into said joint petition agreement without first seeking advice from Vern Vandever, president of the defendant corporation, whom she had known for several years and in whom she had the utmost confidence. That Vern Vandever, his physicians and counsel, falsely represented to the plaintiff that her injuries and the consequences thereof were due solely to Paget's disease, when in truth and in fact said injury was caused by a fracture of her leg rendering plaintiff permanently disabled"; that "plaintiff's present disability is due solely to her accidental injury as opposed to the false representations made to her by defendant's counsel, doctors and Vern Vandever to the effect that any consequences she might suffer as a result of this accident were due solely to an alleged pre-existing disease"; that both Vandever and defendant's attorney represented to plaintiff "that her only remedy would be to proceed in the In-

dustrial Court because Vandever's employees were under Workmen's Compensation"; that plaintiff was engaged in non-hazardous work at the time she was injured and for said reason she could have proceeded under the Workmen's Compensation Act or by action at law; that plaintiff was not represented by counsel or advised by doctors of "her own choice", but relied solely upon "the false representations made to her by counsel and doctors of the defendant, together with false representations made to her by Mr. Vern Vandever, of the defendant corporation. That if these false representations had not been made to the plaintiff, on which she relied, that she was suffering from Paget's disease, and that she had to proceed in the Industrial Court on joint petition, she would not have entered into the settlement agreement"; that plaintiff denied that she knowingly made an election, but if she was found to have made an election, the order of the Commission on the joint petition should be vacated.

Defendant filed a motion for judgment on the pleadings which was by formal order sustained. From said order, plaintiff perfected this appeal.

Plaintiff contends that the allegations of her reply show that defendant was guilty of extrinsic fraud in obtaining the order in controversy and for said reason the order should be vacated.

■ In considering the appealed-from judgment, we must treat as true the allegations of the Reply and must construe the motion for judgment on the pleadings as admitting every reasonable intendment of the Reply that is favorable to plaintiff. See Arnote v. Southwestern Pipe & Supply Co. et al., 189 Okl. 394, 117 P.2d 529, and cited cases.

■ It is settled law in this jurisdiction that in promulgating an order on a Joint Petition the Commission considers facts bearing upon the interest and rights of the parties, and after having done so exercises its discretion by entering an order which has the effect of a judgment; that a final order on such a petition becomes con-

clusive and binding upon the parties and may only be vacated in an equitable proceeding if extrinsic fraud is shown. See Cavender v. Wofford Drilling Co. et al., 190 Okl. 291, 123 P.2d 261, and Malone v. United Zinc & Smelting Corporation, 175 Okl. 643, 54 P.2d 360.

▪ In the last cited case, it was pointed out that allegations of the petition that fraudulent representations on the part of those representing the employer to the effect that the claimant's injuries were neither serious nor permanent, failed to show extrinsic fraud and justification for vacating the Commission's order. It was pointed out that the nature and extent of the claimant's injuries were issues in the proceedings before the Commission and to vacate the Commission's order concerning said issues would be tantamount to bringing about retrial of an issue submitted to the Commission. In the opinion this was said:

"Where a party in full possession of his faculties fails to present his evidence on the issues merely because his opponent has persuaded him by false representations that there are no issues or evidence, the fraud so practiced is clearly within the matters tried. The evidence on the matters to which such fraud related could have been presented by the exercise of due diligence on the part of the complaining party. In such case the fraud cannot be said to have prevented a trial of the cause."

Plaintiff contends that the cited cases are not dispositive of the instant case. She asserts that the fact that plaintiff could elect to proceed at common law or before the Commission; that she alleged that a confidential relationship existed between her and Vandever and that defendant's attorneys gave her misleading and false information as to the law, serves to distinguish this case from the cited cases.

▪ It is not disputed that the Commission had jurisdiction to enter the order in controversy, and having jurisdiction, the order is as conclusive and binding as though the Commission had exclusive jurisdiction. In brief, the fact that plaintiff could have proceeded at law or under the Workmen's Compensation Act has no bearing on the binding effect of the order.

▪ The fact that plaintiff sought Vandever's advice, whom she had known for several years and in whom she had the utmost confidence, before agreeing to execute the Joint Petition, does not tend to show that Vandever was in duty bound to act with the utmost good faith for the benefit of plaintiff (Wilson et al. v. Rentie et al., 124 Okl. 37, 254 P. 64), or that plaintiff had just cause for believing that in giving advice Vandever was acting in her interest and not that of the defendant (Cranwell v. Oglesby et ux., 299 Mass. 148, 12 N.E.2d 81). In the last cited case the Supreme Court of Massachusetts quotes with approval from a prior opinion to this effect:

" * * * 'Mere respect for the judgment of another or trust in his character is not enough to constitute such a relation. There must be such circumstances as indicate a just foundation for a belief that in giving advice or presenting arguments one is acting not in his own behalf, but in the interests of the other party. If the relation is a business one, the existence of the mutual respect and confidence does not make it fiduciary.' "

We are of the opinion that the allegations of the Reply fail to show a fiduciary relationship between plaintiff and Vandever and for said reason grounds for distinguishing Malone v. United Zinc and Smelting Corp., supra, do not exist.

We next consider plaintiff's contention based upon the alleged false representation of defendant's attorney to the effect that plaintiff's sole remedy was under the Workmen's Compensation Act.

▪ We appreciate that a person faced with possible litigation often, and we add wisely, seeks the services of an attorney in attempting to bring about an amicable set-

tlement of the threatened litigation. In such instances the attorney is duty bound to do everything proper to protect the interest of his client. In so doing, he is at liberty to express his opinion as to the facts, the merits of the claim, the advisability of an amicable settlement, and otherwise bring to light all things favorable to his client. In the instant case, defendant's attorney went further and made a positive statement that under the law applicable to the facts, plaintiff could only proceed under the Workmen's Compensation Act. This, as well known by all experienced lawyers, was an incorrect and false statement.

It is not unreasonable to infer that the above-mentioned advice was intended to induce plaintiff's belief that the law was as stated by the attorney; that believing the statement, she would proceed under the Act where her recovery would probably be for less than it would be if she established liability in an action at law. Plaintiff alleges that she relied upon the advice of the attorney and it is not difficult to believe that she may have been persuaded in part by his advice.

While we are of the opinion that in attempting to settle a controversy it is proper for an attorney to voice an opinion as to the law applicable to the facts where room for doubt as to the applicable law may exist, we are of the conviction that an attorney acts fraudulently where, in order to further his client's interest, he knowingly misrepresents the law to a layman not represented by counsel. At p. 812, Sec. 48, 23 Am.Jur. "Fraud and Deceit", it is stated that "the rule that fraud cannot be predicated on misrepresentations as to matters of law may be rendered inapplicable by the existence of peculiar facts and circumstances"; that "the misrepresentation is actionable where one who himself knows the law deceives another by misrepresenting the law to him, or knowing such other to be ignorant of it, takes advantage of him through such ignorance."

As indicated, we are of the opinion that as to the allegations concerning the actions of defendant's attorney, the plaintiff pleaded in her Reply facts sufficient to constitute an equitable cause for vacating the order on the grounds of extrinsic fraud. We add that upon trial of this case, said cause or issue shall be determined by the court and not by a jury; that an order setting aside the judgment will only be in order if evidence as to extrinsic fraud is clear, cogent and convincing. Poff v. Lockridge, 22 Okl. 462, 98 P. 427; Jack v. Hood et al. (D. C.), 28 F.2d 118; Neff v. Edwards, 107 Okl. 101, 230 P. 234, and cited cases.

Reversed with directions to deny defendant's motion for judgment on the pleadings.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JACKSON and IRWIN, JJ., concur.

HALLEY and JOHNSON, JJ., dissent.