1997 OK CIV APP 81

**FAIR MEADOWS and the State Insurance Fund, Petitioners,**

v.

**Roger D. WARD and the Workers' Compensation Court, Respondents.**

No. 88761.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 30, 1997.

Shawn S. Taylor, Tulsa, for Petitioners.

David A. Russell, Tulsa, for Respondent Roger D. Ward.

## OPINION

BUETTNER, Judge:

¶1 In this case, the issue is whether respondent, which failed to appear at a scheduled trial, can move to vacate a workers' compensation award nearly three years later, on the ground that the court lacked subject matter jurisdiction. We hold that there is no authority for the Workers' Compensation Court to consider such a motion.

¶2 Respondent Roger D. Ward was injured when a horse he was riding in a schooling race at Petitioner Fair Meadows track bucked him off and another horse ran over him. Ward filed a Form 3 September 4, 1992 in the Workers' Compensation Court naming Fair Meadows as his employer. Fair Meadows and its insurance carrier were served, but neither responded, except Fair Meadows filed an unsworn letter disclaiming the employment relationship.[1] Neither Fair Meadows nor the insurance carrier appeared at the October 8, 1993 trial at which Ward testified that he was told to ride a certain horse in the schooling race and was paid by

---

1. Contrary to petitioners' argument in their brief, the unsworn letter did not constitute "evidence" that could have been considered by the trial court at the October 8, 1993 trial.

Fair Meadows to do this. He presented evidence of employment through his testimony and copies of checks issued him by Fair Meadows. The trial court, by order filed October 20, 1993, found it had jurisdiction and further found Ward temporarily totally disabled and permanently partially disabled due to his head and neck injuries.

■ ¶ 3 On October 18, 1996, Fair Meadows moved to vacate the judgment on the grounds that it was irregularly obtained in that the court lacked jurisdiction.[2] The motion to vacate was denied.

¶ 4 The record reveals that notice of the trial was sent by certified mail to Fair Meadows and that Fair Meadows was called three times in open court, but failed to appear. The order on the merits was filed and sent to Fair Meadows October 20, 1993.

■ ¶ 5 While Fair Meadows attacks the jurisdiction of the Workers' Compensation Court to enter the original judgment, our first task is to determine whether the Workers' Compensation Court, and subsequently this Court, had jurisdiction to consider Fair Meadows' motion to vacate. It has long been the rule that there "is no method provided by statute whereby a final order of the Industrial Commission may be set aside after time for appeal has expired; and the commission is invested with no equitable powers sufficient to authorize investigation of the validity of its final orders." *Gibbins v. Indian Electric Cooperative,* 203 Okla. 187, 219 P.2d 634, 635 (1950). Only two procedures were recognized in *Gibbins* to review a final order of the Workers' Compensation Court. The first was a direct appeal to the Supreme Court. The second was an equitable filing in a court of general jurisdiction where the allegation is that the award was procured by means of extrinsic fraud. *Id.*

■ ¶ 6 There are now two additional procedures to review an award: a 20 day period during which the Workers' Compensation Court may vacate or modify its judgments, and an appeal to the court en banc. "The State Industrial court has jurisdiction to review its award or decision upon its own

motion or upon the application of any party affected and to vacate and set aside a default judgment at any time within 20 days after a copy of the award or decision has been sent by said court to the affected party." *Sears, Roebuck & Co. v. Heller,* 1965 OK ——, 401 P.2d 184 (syllabus by the court). Time for appeal in workers' compensation cases is within ten days to the court en banc, or within twenty days to the Supreme Court. 85 O.S.1991 § 3.6(A) and (C).

■ ¶ 7 The Supreme Court has been consistent in its description of review options. "One who is aggrieved by a decision of the trial judge of the Workers' Compensation Court has three available remedies: (a) he can appeal to a three-judge review panel within ten days of the date the order or award is sent; (b) he can file a proceeding for review in the Supreme Court within 20 days after the trial judge's order is sent; or (c) he can, upon notice to the opposite parties and after an adversary hearing, secure vacation of the adverse decision by order which must be sent to the parties within the 20–day statutory period that runs from the date the decision which is to be set aside has been sent." *Snyder v. Smith Welding & Fabrication,* 1986 OK 35, 746 P.2d 168, 170. To take advantage of the last option, the motion to vacate must be filed and ruled upon within the 20 day time period. *Snyder v. Smith Welding & Fabrication,* 1986 OK 35, 746 P.2d 168, 170; *Sears Roebuck & Co. v. Heller, supra.* (default judgment vacated within 20 day period).

■ ¶ 8 Consequently, even void orders, such as the one arguably before us, are final and enforceable if an affected party, who has notice of the hearing and order, fails to act in one of the ways described above. The Supreme Court has not extended the general rules of civil procedure regarding motions to vacate to workers' compensation proceedings. See 12 O.S.1991 § 1031 et seq.

■ ¶ 9 Appeal time to this Court is not extended by the motion to vacate filed outside the twenty day limit in the Workers'

---

**2.** Where the court lacks subject matter jurisdiction, a motion to vacate under 12 O.S.1991 § 1031 Third is proper. *Van Nort v. Davis,* 1990 OK CIV APP 95, 800 P.2d 1082, 1085.

**888**

Compensation Court. *Snyder v. Smith Welding & Fabrication,* 1986 OK 35, 746 P.2d at 171. Timely filing of an appeal is a jurisdictional prerequisite. *Tinker Investment & Mortgage Corporation v. City of Midwest City,* 1994 OK 41, 873 P.2d 1029, 1036; 12 O.S. Ch. 15, App., Supreme Court Rule 1.100. "The question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not." *Mid–Continent Pipe Line Co. v. Wilkerson,* 1948 OK ——, 200 Okla. 335, 193 P.2d 586 (Syllabus by the Court).

¶ 10 Fair Meadows is generally correct that subject matter jurisdiction in the Workers' Compensation Court is dependent upon an employee/employer relationship, *Fluor Engineers & Contractors, Inc. v. Kessler,* 1977 OK 37, 561 P.2d 72, 74, and lack of subject matter jurisdiction can generally be raised at any time, 12 O.S.1991 § 2012(F)(3). Fair Meadows relies upon the application of 12 O.S.1991 § 1031 and 1038 to Workers' Compensation proceedings. Based upon the cases cited above, these sections do not apply and cannot extend the time periods for appeal or the twenty-day time limit found in 85 O.S.1991 § 3.6, subd. C during which the Workers' Compensation Court retains jurisdiction to modify or vacate its judgment. The Workers' Compensation Court lacked jurisdiction to entertain a motion to vacate filed after the twenty day limit. This court may not determine the merits of a matter which is not within the jurisdiction of the court below. For this reason, we sustain the decision to deny the motion to vacate.

SUSTAINED.

HANSEN, P.J., and JOPLIN, J., concur.