UNITED STATES FIDELITY & GUARANTY COMPANY v.
JOHN HANEY.[1]

March 19, 1926.

No. 25,220.

**Statute to prevent garnishment of judgment against debtor construed.**

A statute preventing garnishment of a judgment so long as the judgment debtor "is liable to an execution thereon," *held* to prevent the garnishment of a judgment against a county, even though at the time being execution was stayed by statute until the lapse of sufficient time to enable the county to collect through taxation the funds wherewith to pay the judgment.

Garnishment, 28 C. J. p. 143 n. 39.

Plaintiff appealed from an order of the district court for Mower county, Peterson, J., discharging the county of Mower as garnishee. Affirmed.

*Cobb, Wheelwright, Hoke & Benson, R. A. Scallen, Catherwood & Nicholsen* and *R. C. Alderson,* for appellant.

*F. G. Sasse* and *R. A. Dunnette,* for respondent Haney.

STONE, J.

Action for the recovery of money wherein plaintiff attempted to garnishee the county of Mower upon a judgment against it and in favor of defendant. From an order discharging the garnishment plaintiff appeals.

Defendant's judgment against the county of Mower was entered July 13, 1925, for $1,735.37. The garnishment summons was served July 18, 1925, and disclosure had August 25, 1925. The question is whether the garnishment was permissible under section 9361, G. S. 1923, which enumerates certain cases in which garnishment is not allowed. One of those negations is: "No person or corporation shall be adjudged a garnishee * * * by reason of any debt

[1]Reported in 208 N. W. 17.

due from such garnishee on a judgment, so long as he is liable to an execution thereon."

Section 649, G. S. 1923, provides that "when any judgment is recovered against a county * * * no execution shall issue except as herein provided; * * * if payment is not made within thirty days after the time the treasurer is required by law to make settlement with the auditor next after the rendition of such judgment, execution may issue." The purpose is aptly expressed by the learned trial judge: "For reasons of public policy this statute stays the issuing of an execution for a limited time in order that the public business may not be interfered with." That time not having elapsed in the instant case, was the county "liable" to an execution on defendant's judgment?

The statute does not prohibit executions on judgments against counties. On the other hand it expressly authorizes them after the expiration of the time limited. Although at the time being execution against the county was stayed by the statute, was it not "liable" still to an execution within the meaning of section 9361 above quoted? We are of the opinion that "liable" as here used was intended to refer not alone to the status existing at the moment but also to include any future reasonably possible condition which might produce an execution. It denotes "a condition out of which legal liability may arise." See Home Ins. Co. v. Peoria & P. U. Ry. Co. 178 Ill. 64, 52 N. E. 862, where "liable" as used in a fire insurance policy was not restricted to "an absolute legal and fixed liability" but was held to include a condition out of which one might arise. It was stated, quoting Webster, that the word "is said to refer to a future possible or probable happening which may not actually occur * * * exposed to a certain contingency or casualty more or less probable."

Although the statement might not have been necessary to the decision of Boyle v. Musser-Sauntry L. L. & Mnfg. Co. 88 Minn. 456, 93 N. W. 520, 97 Am. St. 538, it was there said that under the statute in question a judgment "is not subject to garnishment so long as an execution may be issued upon it." The opinion so ex-

pressed is in harmony with our present views. Certainly it was not the intention of the statute that judgments, otherwise immune therefrom, should become subject to garnishment because of the mere accident of a stay of execution. Were it otherwise, a judgment for money would be subject to garnishment during a supersedeas pending an appeal but immune immediately thereafter. No such result was intended.

Order affirmed.