## J. S. BRYAN & SONS v. VERNOR et al.

No. 26039.    May 21, 1935.

Sid White and Solus S. Brooks for petitioner.

C. W. King, for Oklahoma Tax Commission.

A. L. Herr, for respondents.

BUSBY, J. This is a proceeding commenced in this court on November 30, 1934, by J. S. Bryan & Sons, a corporation, as petitioner, against Enloe V. Vernor, one of the judges of the district court of Muskogee county, Okla., and Melven Cornish, W. D. Humphrey, and John T. Bailey, members of and constituting the Oklahoma Tax Commission, as respondents.

The petitioner seeks a writ of prohibition to prevent the defendant district judge and the district court of Muskogee county from entertaining jurisdiction of an action commenced in that court in the name of the state of Oklahoma on the relation of the Oklahoma Tax Commission, as plaintiff, against the petitioner herein, in which ac-

tion the plaintiff seeks to enjoin the further and continued violation of certain provisions of chapter 153, S. L. 1933, relating to intoxicating liquors, and of chapter 204, S. L. 1933, known as the nonintoxicating beverage enforcement law. .

It is contended by the petitioner and conceded by the respondents that a state agency or board such as the Oklahoma Tax Commission has no authority to commence or maintain an action for injunctive relief in the name of the state unless expressly authorized by statute to do so. '

It is asserted by the respondents and denied by the petitioner that the statutes of this state authorizing the Oklahoma Tax Commission to maintain injunction proceedings are broad enough to authorize the commencement and maintenance of the injunction suit involved in this action, upon the grounds set forth in plaintiff's petition as filed in the district court of Muskogee county. The determination of this suit requires a recognition of the alleged grounds for injunctive relief as stated in plaintiff's petition filed in the lower court, together with an examination and interpretation of the statutory provisions of this state authorizing the Oklahoma Tax Commission to commence and maintain injunction suits to obtain relief.

In the petition as filed in the trial court it is asserted, in substance: (1) That the defendant therein (petitioner in this court) has sold to certain named persons and firms beverages containing a greater alcoholic content than that permitted by law; (2) that the defendant has sold beverages not labeled as required by law and the rules and regulations of the Commission made pursuant thereto; (3) that the defendant has kept in his possession and displayed for sale and transported beverages containing an alcoholic content in excess of the maximum authorized by law; (4) that the defendant has kept, displayed, and transported such beverages without a label being placed thereon as required by law and the rules and regulations of the Tax Commission.

The various acts as charged constituted violations of section 2 of chapter 153, S. L. 1933, and of sections 10 and 16 of chapter 204, S. L. 1933. Under the laws of this state specific penalties are provided for the commission of the acts complained of. The Oklahoma Tax Commission asserts that it is authorized to commence and maintain the action in the district court of Muskogee

county under and by virtue of section 13 of chapter 204, supra, and especially relies upon subdivision (b) thereof. The section reads:

"Upon application, in the name of the state of Oklahoma, on relation of the Oklahoma Tax Commission, any court of competent jurisdiction in this state shall have jurisdiction, and it shall be its duty to issue an injunction against any manufacturer, wholesaler or retail dealer, as defined by this act:

"(a) For failure, by any taxpayer, to pay any tax imposed or penalty accrued, by any laws of the state, for the sale of such nonintoxicating beverages;

"(b) For violation of any of the provisions of this or any other law of the state imposing a tax upon nonintoxicating beverages, as herein defined, or for violation of the rules and regulations of the Commission in pursuance thereof;

"(c) For conviction for violation of any of the penal laws of the state or the United States prohibiting the sale or unlawful possession of intoxicating liquors."

It also relies in part upon the provisions of section 14 of chapter 153, supra, which reads in part:

"In addition to the foregoing penalty, any person, firm or corporation, who violates any of the provisions of this act or who refuses to permit the examination of his books, records and files or who ignores or violates the rules and regulations of the Commission made pursuant to this act, or who violates any provisions of this act, shall be subject to an injunction forbidding such person from continuing to carry on such business until such time as he makes full and complete compliance with the provisions of this act; and a suit for such injunction may be brought in any court of competent jurisdiction either in the name of the state of Oklahoma upon the relation of the Oklahoma Tax Commission or by the county attorney of said county."

It is contended by the petitioner herein that in so far as the illegal acts of displaying, transportation, possession, and sale are concerned, the injunctive proceeding cannot be maintained until there has first been a conviction for the violation. Petitioner makes this assertion upon the theory that when an act constitutes a violation of the penal laws of the state or of the United States, the situation is covered by subdivision (c) of section 13, which, by its provisions, authorizes an injunction proceeding upon conviction only. Petitioner reasons that because the act might be the basis of

384

a conviction, this subdivision of the statute is exclusive. Counsel for petitioner conclude that because the statute allows suit to be brought upon a conviction, it, by necessary implication, excludes the right to maintain a suit in the absence of such conviction. We cannot concur in this conclusion. If subdivision (c) of section 13, supra, stood alone as the sole and only basis of an injunction suit, the argument might be tenable under the doctrine of "expressio unius est exclusio alterius." But the subsection does not stand alone. It covers only one of the three situations specifically mentioned in the statute. It was not intended as a limitation or restriction upon the power conferred under subdivision (b), but, on the contrary, is cumulative in its effect. In order to obtain on injunction under subdivision (b) of the act, it is essential to show a violation of one or more of the provisions of the act (chapter 204, supra), or of some other law imposing a tax upon nonintoxicating beverages. It is not necessary under said subdivision (b) to show that there has been a conviction for violation of the act. On the other hand, in order to obtain an injunction under the provisions of subdivision (c), it is essential to show a conviction for violation of the law therein mentioned, but it is not necessary to establish the fact that such laws were actually violated. The situations as covered by the two sections are entirely different, although the same character of an act may ultimately result in an injunction under either of the sections, and the fact that a conviction is required under one does not preclude the possibility of procuring an injunction prior to conviction under the other.

The petitioner also urges in connection with subdivision (b), supra, that such subdivision authorizes an injunction only in connection with the violation of a law or ruling of the Tax Commission which relates to the tax upon beverages. Petitioner says in this connection that:

"It means, undoubtedly, that the Commission may sue to enjoin one from violating any law or the rules and regulations of the Commission relating to tax upon nonintoxicating beverages."

It is pointed out in support of this contention that the alleged violations of the law set forth in the petition filed in the trial court do not directly concern the payment of any tax, and the petitioners therefore conclude that the authority to maintain this action cannot be found in subdivision (b), supra. The subdivision referred to authorizes an injunction "for violation of any of the provisions of this or any other law of the state imposing a tax upon nonintoxicating beverages." It should be noted in connection with this provision that chapter 204, of which it is a part, is the nonintoxicating beverage enforcement law, and is not the act or law imposing a tax. If the provision of the law under consideration only authorizes an injunction in a case where some section of the law imposing a tax is involved, then no injunction would be authorized under this provision in connection with any of the sections of chapter 204, supra, since this chapter does not impose a tax. Clearly, then, the authority to maintain an injunction action for violation of the provisions of "this * * * law" is not limited to sections of the law imposing a tax, since to so interpret it would render the provision meaningless in so far as it relates to chapter 204.

It was clearly the intent and purpose of the Legislature in providing for a remedy by injunction and authorizing the Tax Commission to seek that remedy in the name of the state of Oklahoma, to provide a means of compelling compliance with the various provisions of chapters 204 and 153, S. L. 1933. We so hold.

It is a cardinal rule of statutory construction that the intention of the Legislature, when ascertained, must govern. See Grayson et al. v. Thompson, 77 Okla. 77, 186 P. 236; One Hudson Super-Six Automobile et al. v. State, 77 Okla. 130, 187 P. 806; In re Cleveland's Claim, 72 Okla. 279, 180 P. 852.

We have in this case endeavored to place a construction upon the acts of the Legislature consistent with the express meaning and in accordance with the manifest intention of the Legislature—such a construction as will enable the Oklahoma Tax Commission to carry out with dispatch one of the purposes of its existence.

The petition for writ of prohibition is denied and the district court is directed to proceed with the action therein pending.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.