CLINTON et al. v. MULLENS.

No. 29203. Feb. 11, 1941.

Rehearing Denied March 4, 1941.

*110 P. 2d 917.*

Joe Brown, Julian B. Fite, and Bower Broaddus, all of Muskogee, for plaintiffs in error.

Johnson & Jones, of Bristow, for defendant in error.

CORN, V. C. J. This is an appeal from an order of the superior court of Creek county, Bristow division, approving in all things the final account of defendant, guardian of Wilson Clinton, an incompetent, said order also providing that the county court of Creek county should enter a like order.

Defendant was appointed guardian August 3, 1936, and served until January 31, 1938, when his resignation was accepted by the county court. Defendant filed his final report for the period January 1, 1937, to January 31, 1938. At a hearing thereon the county court surcharged defendant in the amount of $2,670.07, on the theory that since defendant was not related to the ward by blood or marriage, and having been appointed as a member of the county excise board, July 6, 1937, defendant was disqualified to receive compensation for his services by reason of section 1486, O. S. 1931, 30 O. S. A. § 13.

From this order defendant appealed to the superior court of Creek county. Gladys Clinton, wife of the incompetent, and Joe S. Brown, United States Probate Attorney, in his official capacity, appealed to the district court of Creek county. By agreement these appeals were consolidated and tried in the superior court of Creek county, Bristow division. The superior court refused to surcharge the guardian and entered an order approving all of defendant's acts. From this order plaintiffs have appealed.

Plaintiffs' first contention is that defendant was a county official and. was, by reason of the provisions of section 1486, supra, prohibited from acting as guardian of the incompetent, or receiving compensation therefor after becoming a member of the excise board. The statute in question provides:

"No county or city official shall receive any compensation for acting as guardian of any minor or incompetent and it shall be unlawful for any such official to serve as guardian whether heretofore or hereafter appointed, of any minor or incompetent to whom he is not related, and it' shall be malfeasance in office for any county judge to appoint any such official as guardian of a minor or incompetent to whom he is not related, or to allow him any compensation, and the county judge shall immediately remove all guardians of minors or incompetents who are county or city officials not related to their wards and appoint some qualified persons in place thereof, and the resignation of such official from his office shall not make him eligible to serve as guardian during the period for which he was elected or appointed to office."

Defendant admits that a member of a county excise board is a county offi-

cial, but says that it is immaterial herein to determine whether he is a county official as contemplated by the statute, supra, inasmuch as the only question to be decided is whether a subsequent acquisition of a county office is disqualification for guardianship in all cases, or only in cases involving more than $7,500 in personal property values; and whether this statute is to be considered in connection with former statutes.

Thus the plaintiffs' contention that, since defendant was a county official, the statute prohibited him from serving as a guardian, and therefore defendant should be surcharged for all compensation received by him after he became a member of the excise board, is well made.

Defendant urges that, although defendant was a county official in a technical sense, the statute is merely directory and not mandatory, and that the intention of this statute is only to prevent persons who are already county officials from becoming guardians, a practice formerly open to criticism. To sustain this argument defendant has presented at length an argument dealing with the construction to be given statutes in deciding whether they are directory or mandatory.

Careful consideration of section 1486, supra, reveals that it provides:

(1) No county or city official *shall receive* any compensation for acting as guardian.

(2) It *shall be unlawful* for any such official to serve as guardian of any incompetent to whom he is not related.

(3) It *shall be malfeasance* in office for the county judge to allow such guardian to receive compensation.

(4) The county judge *shall remove* all guardians who are county officials.

(5) Resignation of such official from office *shall not* make him eligible to serve as guardian during the period or term for which he was appointed.

It is a fundamental rule of statutory construction to ascertain and give effect to the legislative intent as expressed in the statute. J. S. Bryan & Son v. Vernor, 172 Okla. 382, 45 P. 2d 468; State ex rel. Read v. Mid-West Mut. Burial Ass'n, 176 Okla. 468, 56 P. 2d 124. The language of the statute in question is plain and unambiguous in declaring the purpose and intentions therein set forth.

Plaintiffs' second contention is that defendant had been paid for extraordinary services for each month prior to his appointment to the excise board, and so was estopped to claim further compensation for special services rendered during the period for which he was compensated upon the basis that they were special or extraordinary services.

The question raised by this contention is directed at an item of $1,600 allowed defendant for special services in handling a piece of property destroyed by fire, but reconstructed and sold under defendant's directions. These services included adjustment of the fire loss, negotiation of a contract for reconstruction of the building, leasing of the building, and finally a sale of the building. The plaintiffs point out that during the period these negotiations were being carried on defendant claimed, and was allowed, compensation for extraordinary services for each month, and the plaintiffs urge that from the record it is certain that defendant was adequately compensated for these special services prior to the time of his appointment to the excise board on July 6, 1937.

During the months prior to becoming a member of the excise board defendant carried on negotiations in regard to the property destroyed by fire. The fire insurance was collected, a contract was let for reconstruction of the building, and the building was leased. Thereafter, defendant negotiated a sale of this property, the order of sale, appraisal, and return of sale being made July 13, 1937. However, the sale was not confirmed until July 26, 1937, after defendant became a member of the excise board.

Consideration of the record reveals that, although this advantageous sale of the property was not finally consummated until after defendant became a member of the excise board, the negotiations leading to the sale were had before his appointment to this position, July 6, 1937, and little was actually done thereafter except the handling of the formal orders necessarily presented to the county court for approval.

Plaintiffs also urge that the special services claimed by defendant, and for which plaintiffs assert defendant had already received compensation, only increased the value of the ward's property some $3,753.48, and that it is unreasonable to allow $1,600 for such services, especially in view of the fact that defendant had received approximately $150 per month compensation during his guardianship. In this connection plaintiffs assert that there is no evidence that defendant earned the item twice, hence he cannot receive payment twice.

However, there is no claim of fraud or mismanagement by defendant. On the contrary, the trial court found that defendant efficiently managed the ward's estate. Neither was there any showing that the sale for which defendant claimed compensation would have been made without the expenditure of these efforts by the defendant. In view of these facts, it must be assumed that defendant's services were beneficial to the estate, and that without such efforts on defendant's part the estate would not have received the benefits it did receive.

We are, therefore, of the opinion that the claim for special services in the amount of $1,600 should be allowed, inasmuch as the services upon which the claim was based were actually rendered prior to the time defendant became disqualified to act as guardian of the incompetent; and for the further reason that the value of the ward's estate was enhanced as a direct result of defendant's services.

For the reasons stated, the trial court is directed to enter an order surcharging defendant for compensation paid after July 6, 1937, except the item of $1,600 allowed for special services, as to which the order of the trial court is affirmed.

WELCH, C. J., and OSBORN, HURST, and DAVISON, JJ., concur.