MID-CONTINENT PIPE LINE CO.
v. WILKERSON.

No. 32328.  May 18, 1948.

*193 P. 2d 586.*

336

R. H. Wills, J. H. Crocker, J. P. Greve, J. H. Woodard, Oscar E. Swan, Jr., and Ben Hatcher, all of Tulsa, for plaintiff in error.

Homer Bishop, of Seminole, and Harry L. Atkinson, Charles W. Schwoerke, O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

Rainey, Flynn, Green & Anderson and Richardson, Shartel, Cochran & Pruet, all of Oklahoma City, Anglin, Stevenson & Huser, of Holdenville, Hudson, Hudson & Wheaton, A. M. Covington, Victor Mieher, and Booth Kellough, all of Tulsa, A. R. Daugherty, of Oklahoma City, and Don Emery, R. B. F. Hummer, Rayburn L. Foster, L. A. Rowland, Alton H. Rowland, A. M. Ebright, Hayes McCoy, J. E. Jarvis, and R. O. Mason, all of Bartlesville, amici curiae.

GIBSON, J. Defendant in error, as plaintiff, sued plaintiff in error, as defendant, in tort for personal injury and therein on trial to jury recovered a verdict in the amount of $75,000, and from the judgment thereon this appeal is prosecuted. Herein the plaintiff in error will be referred to as defendant, and defendant in error as plaintiff.

The defendant is engaged in the business of transporting crude oil through its pipe lines, and on September 8, 1943, the date the accident occurred, there was being installed in the line what is known as a "scraper trap." Engaged in the work of installation were from 13 to 14 men. Of these five or six were employees of the defendant, and among them was one Clifford Ohls. The remainder were employed by Pipe Line Service Company, an entity independent of defendant, and furnished by it to defendant under a contract between it and the defendant. The plaintiff was employed by the independent company, which will be referred to herein as Service Company.

During the progress of the work, and on the date mentioned, Clifford Ohls was in the act of removing from a truck an implement constituting a part of a hoist, to be used to elevate the line pipe, and it is alleged that in so doing the plaintiff was struck and thereby suffered the injury which is the basis of the action.

It is alleged in the petition that the Service Company was an independent contractor and in pursuance of its contract with the defendant carried compensation insurance as required by the Workmen's Compensation Law. That by reason thereof no liability under the Compensation Law, contingent or otherwise, obtained and therefore the defendant was a "third person" within meaning of 85 O.S. 1941 §44, and liable to respond in damages when negligence is shown.

For answer defendant, in addition to a general denial and other defenses, not material for purpose of our review, averred specifically that both the Service Company and defendant had complied with the provisions of the Workmen's Compensation Law, and charged that the superior court was without jurisdiction in the premises.

Upon conclusion of plaintiff's evidence in chief, and again at close of all the evidence, defendant challenged the jurisdiction of the court to proceed by motion to dismiss. In both instances the motions were overruled.

Many errors are assigned but, being of the opinion that the jurisdictional question is decisive of the appeal, we will limit our review thereto and to the action of the trial court thereon.

That the work being performed was hazardous employment within contemplation of the Workmen's Compensation Law is conceded. And it is admitted by plaintiff that unless the Service Company was an independent contractor no right obtained in plaintiff to prosecute this action and that the superior court was without jurisdiction. The defendant challenges the contention that the superior court would have jurisdiction even if the Service Company were an independent contractor.

Concerning the fundamental importance of the question of jurisdiction and its determination, we held in Harber v. McKeown, 195 Okla. 290, 157 P. 2d 753:

"The question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not, and may be done on its own motion."

And touching the duty of the trial court, we declared in Dolese Bros. v. Tollett, 162 Okla. 158, 19 P. 2d 570:

"A trial court is required to determine the legal question as to whether or not it has jurisdiction of the subject matter of an action presented to it for determination, and it is neither authorized nor required to submit to a jury the question of whether or not it has jurisdiction of the subject matter thereof."

Plaintiff contends that defendant having required Service Company to carry compensation insurance is not liable for compensation and not being so liable is not by the terms of the Workmen's Compensation Law made immune to an action for tort. This involves a construction of 85 O.S. 1941 §§11 and 12.

It is further contended that plaintiff's common law right of action against defendant is recognized by the terms of the Workmen's Compensation Law. The theory advanced therefor is that since plaintiff is an employee of an independent contractor, defendant is not one "in the same employ", as to whom alone the right of action in tort is abrogated by the terms of the law. This involves construction of section 44 of Title 85.

Thus we have two approaches to the question, one bearing upon the liability of defendant to be sued and the other upon the right of the plaintiff to sue. In the last analysis the liability and the right must co-exist and the absence of either would be determinative of the right of action.

If by the terms of said sections 11 and 12 liability of defendant to a tort action for the injury is not excluded, the question would be whether under terms of section 44 plaintiff is entitled to prosecute the same. On the other hand, if by the first mentioned sections defendant is made immune to such action, there is no need to resort to section 44 unless thereby such immunity has been qualified.

It does not appear that this court has construed the law in a parallel situation. And since recourse must be had to the statutory provisions, we copy here the material provisions thereof:

Section 11:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, . . . and provided, further, that the liability of any person, firm or corporation having an interest in the subject matter, employers and contracting employers,

general or intermediate, for compensation under this Act, when other than the immediate employer of the injured employee, shall be as follows:

"1. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this State, and in case of a failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option . . . The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees . . . .

". . . . If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his' or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this Act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. . . ."

Section 12:
"The liability prescribed in the last preceding section shall be exclusive, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this Act, then an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, . . ."

And pertinent is section 122:

"The right of action to recover damages for personal injuries not result-

ing in death arising and occurring in hazardous employments as herein defined, except the right of action reserved to an injured employee or his dependents or other legal representatives in Section 2 of Article 2 and Section 10 of Article 5 of this Act, is hereby abrogated, and all jurisdiction of the courts of this State over such causes, except as to the cause reserved to such injured employees or their dependents or other legal representatives in Section 2 of Article 2 and Section 10 of Article 5 of this Act is hereby abolished."

The exceptions therein have reference to the one contained in section 12, supra, and another where death ensued, which is declared in section 109.

Section 44:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other. . . ."

For the purpose of our review we will accept as true but will not decide that Service Company was an independent contractor, and consider that the liability of defendant is only that which is imposed by the Workmen's Compensation Law upon the principal employer for injuries to employees of an independent contractor.

In section 11 it is declared the **liability** of persons, etc., **shall be** as therein later defined. It is thereinafter declared that the principal employer shall be liable to an employee of an independent contractor in a manner thereinafter specified. And thereinafter it is specified that where it appears the principal employer has failed to require of the independent contractor a compliance with the Workmen's Compensation Laws of the state, such principal employer shall be liable for the compensation for injuries to the employees of such independent contractor.

Counsel recognize that if Service Company had not provided insurance, defendant, by the terms of the law, would be liable for the compensation, but undertake to draw the conclusion that since the insurance was provided there is no liability. Such conclusion is not only not justified by the law, but is contrary to the statute.

The effect of the law is to prescribe a liability which is to become absolute unless a certain thing is done. The fact that the absolute character is dependent on a contingency does not alter the fact of its being a liability if designed as such. In the text of 36 C.J. p. 1051, and supported by ample authority, there is declared:

"A liability may be absolute or contingent. 'Liability' is not restricted to such as are absolute, or exclude the idea of contingency. In fact, it is more frequently used in the latter sense than in the former. It may comprehend future contingencies."

In support of the text, see Cochran v. United States, 157 U.S. 286, 39 L. Ed. 704, 707; United States Fidelity & Guaranty Co. v. Haney, 166 Minn. 403, 208 N.W. 17; Saylor v. Taylor (Cal.) 183 P. 843; Phoenix Indemnity Co. v. Barton Torpedo Co. (Kan.) 19 P. 2d 739, 741.

The last mentioned case involved the question of the liability of the principal contractor under the Workmen's Compensation Law. The court recognized that the principal contractor was but a guarantor and actual liability dependent upon default of contractor or its insurance carrier in paying an award. The court held that the principal contractor was liable under the Workmen's Compensation Law and the fact that principal contractor was only a guarantor did not render it possible for the principal contractor to be a third party.

That the obligation imposed upon the principal employer, conditional though it be, may be a liability if so intended, is clear. And the fact that the statute expressly declares not only that it is designed to be but is a liability removes any question concerning its character as such.

In section 12 it is declared that such liability shall be exclusive. And the fact that the liability excluded was inclusive of liability for tort action except in certain cases is made clear by the context.

We deem it manifest that it was the legislative intent to impose a liability upon the principal employer in the manner indicated and that the same should be exclusive. Such being true, this court is governed thereby. J. S. Bryan & Sons v. Vernor, 172 Okla. 382, 45 P. 2d 468.

We conclude that the effect of sections 11 and 12 is to declare that in hazardous undertakings within purview of the Workmen's Compensation Law, the principal employer is not liable in tort for an accidental injury occurring to an employee of an independent contractor in course of his duties as such.

The application of section 44 and the authority thereof for this action is invoked by the plaintiff solely on the construction thereof declared in Parkhill Truck Co. v. Wilson, 190 Okla. 473, 125 P. 2d 203, and Rota-Cone Oil Field Operating Co. v. Chamness, 197 Okla. 103, 168 P. 2d 1007.

The question involved in those cases was whether one independent contractor was liable in tort for injury to employee of another independent contractor. A controlling consideration there was whether the contractor proceeded against was liable to injured employee for compensation, and we reached the conclusion such contractor was not by reason of the absence of the contract relation of employer and employee. In the instant case the question is the liability of the principal employer to employee of his independent contractor which does not depend upon any contract relation because declared by statute. Hence the governing principle

in those cases is not at variance with that which obtains here.

Section 44 does not undertake to create any right of action and same has reference only to causes arising at law which are not abrogated by the terms of the Workmen's Compensation Law. The fact that the principal employer may be deemed to be one not in the same employ as an employee of an independent contractor can afford no presumption that it was the legislative intent that the principal employer was thereby to be considered liable to such action notwithstanding the specific declaration in sections 11 and 12 that the liability imposed under the Workmen's Compensation Law was to the exclusion of any such liability at law.

In view of what has been said and of the provisions of section 122, supra, it is manifest that the State Industrial Commission has exclusive jurisdiction of the matter arising from the injury suffered by the plaintiff, and hence the superior court was without jurisdiction to entertain this action. Smith v. Baker, 157 Okla. 155, 11 P. 2d 132; Ford v. Holt, 191 Okla. 534, 131 P. 2d 67.

When it appears, either from the pleadings or proof, that the subject matter is one within the exclusive jurisdiction of the Industrial Commission, the superior court should decline to proceed and dismiss the action.

Reversed, with instructions to dismiss for want of jurisdiction.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, and LUTTRELL, JJ., concur. RILEY and CORN, JJ., dissent.

———

DAVISON, V.C.J. (concurring). In concurring, I am of the opinion that any other result than that reached by the majority opinion would be detrimental to the cause of workmen who might be injured in the future. To say that "compliance with the Workmen's Compensation Law of this State" by an independent contractor consists of and ends with such independent contractor securing workmen's compensation insurance covering his employees, or becoming self-insured, would relieve the principal employer from being secondarily liable, would in many instances cause grave, consequences to workmen entitled to compensation where no acts of negligence could be relied upon. Thus, in such a case, if both the independent contractor and its insurance carrier became insolvent, if we followed the reasoning of defendant in error, the injured workman would be barred from holding the principal employer secondarily liable in proceedings under the Workmen's Compensation Act. This court, in such a case, should never relieve the principal employer from secondary liability.

This court has held on several occasions that the securing of insurance for the payment of awards under the Workmen's Compensation Law does not relieve the employer from liability for payment of an award against the employer made by the State Industrial Commission in case the insurer becomes insolvent. Atlas Wiring Co. v. Dorchester et al., 168 Okla. 337, 32 P. 2d 913; Southern Surety Co. of New York v. Maney et al., 190 Okla. 129, 121 P. 2d 295. These cases are analogous here.

The majority opinion has construed the Workmen's Compensation Act liberally, as it should do, in favor of its beneficiaries, and while this particular litigant cannot be comforted by the opinion, yet the holding therein will no doubt inure to the aid and benefit of many workmen who may be injured in the future and who may be forced, by reason of circumstances, to rely on the principal employer for workmen's compensation.