**HARPER v. STROUD et al.**
No. 1013.

United States District Court
W. D. Arkansas, Fort Smith Division.
Nov. 25, 1952.

Robert Bailey, Russellville, Ark., Pryor, Pryor & Dobbs, Fort Smith, Ark., for plaintiff.

Hugh M. Bland and Shaw, Jones & Shaw, Fort Smith, Ark., for defendants.

JOHN E. MILLER, District Judge.

The questions before the Court arise out of a pre-trial conference held on November 7, 1952. No formal order of the Court was entered, but during the conference it was agreed by the attorneys for the respective parties that certain facts hereinafter stated exist, and that the questions of law arising thereon should be resolved before trial on the merits.

All of the agreed facts relied upon by the respective parties in support of their contentions do not appear from the pleadings, but the following facts do appear from the pleadings:

The plaintiff, J. B. Harper, is a citizen and resident of the State of Oklahoma and is the duly appointed, qualified and acting administrator of the estate of Cecil Sanders, deceased. The defendants are citizens and residents of Sebastian County, Arkansas, within the Western District of Arkansas, Fort Smith Division. The amount involved herein exceeds $3,000, exclusive of interest and costs.

That on and prior to the 18th day of December, 1951, Cecil Sanders, plaintiff's decedent, was employed in the operation of a saw mill near Talihina, Oklahoma; that the said Cecil Sanders, while acting within the scope of his employment, received severe injuries on December 18, 1951, that resulted in his death.

The following allegations of the complaint are not admitted by the defendants, to-wit:

That the plaintiff's decedent, Cecil Sanders, was employed by the defendants in the operation of said saw mill; that the defendants were then engaged in a lumbering operation in the cutting, removing and sawing of timber on a large tract of land in LeFlore County, Oklahoma; that they had failed to comply with the Workmen's Compensation Law of the State of Oklahoma and had not secured for the said Cecil Sanders and his dependents compensation as required by the laws of the State of Oklahoma; that the said defendants carelessly and negligently caused a certain can and barrel of gasoline to explode or burn causing the said Cecil Sanders to be so severely burned over his entire body as to cause his death; that at the time of the said explosion Cecil Sanders, acting under the direction of Bud Davis, an agent, servant and employee of the defendants and a foreman supervising the work of the said Cecil Sanders, was pouring gasoline or motor fuel into a certain Diesel engine owned by the said defendants, and while he was so doing the said Bud Davis carelessly and negligently attempted to start said motor, causing the same to backfire and to cause the gasoline or other motor fuel being so poured by Cecil Sanders to explode and caused a barrel of said motor fuel to explode and burn; that the said Cecil Sanders was covered with burning gasoline and was burned so severely that he died as a result thereof.

Certain specific acts of negligence on the part of Bud Davis are alleged and the defendants are sought to be held liable for the alleged negligence of the said Bud Davis, who plaintiff alleges was the agent, servant and employee of the defendants.

In the answer filed by defendants they admit that the said Cecil Sanders was burned and as a consequence thereof he died, but they affirmatively plead that they had contracted with Bud Davis for the removal of certain timber owned by them and situated in LeFlore County, Oklahoma; that in accordance with the terms of said contract, and in accordance with the actual operation conducted thereunder, the said Bud Davis was an independent contractor and that they were in no way responsible for his acts and conduct; that at the time the injury was received by the said Cecil Sanders, the said Bud Davis was acting wholly in the capacity of independent contractor under and by the terms of the said contract, and the said Bud Davis was not at said time the agent, servant and employee of the defendants, and that they are not responsible for any acts committed by the said Bud Davis.

That at the time of the death of the said Cecil Sanders he was self-employed and that he assumed the risk of his own action and his own negligence and the defendants are not responsible therefor.

The above issues appear from the complaint of the plaintiff and the answer of the defendants, but as hereinbefore stated, at the pre-trial conference the parties agreed:

That the defendants were the owners of a large tract of land with timber thereon situated in LeFlore County, Oklahoma; that on and prior to December 18, 1951, the timber was being cut, conveyed to a saw mill, and sawed into lumber at the mill.

That Cecil Sanders, the deceased, was employed in the cutting, removing and sawing of the timber and that Bud Davis was in charge of the operation. That the mill where the timber was sawed into lumber was situated in Talihina, Oklahoma, and the injuries from which the said Cecil Sanders died were received at the saw mill.

That neither of the defendants had secured compensation or had been authorized to act as self insurers under the Workmen's Compensation Law of the State of Oklahoma, and Bud Davis had not secured compensation or been authorized to act as a self insurer.

In view of these facts, the plaintiff contends:

(1) That the Court has jurisdiction to decide his claim against the defendants and that the defendants are liable to him for their alleged negligence, if any.

(2) That the alleged defenses of contributory negligence and assumed risk on the part of the deceased are not available to the defendants and should be stricken from the answer.

(3) That the defendants cannot plead as a defense to the claim of plaintiff that the injuries to plaintiff's decedent were proximately caused by the negligence of Bud Davis and that the said Bud Davis was an independent contractor, and that said alleged defense should be stricken from the answer.

(4) That the amount of recovery by plaintiff is not limited by the amount of compensation provided by the Workmen's Compensation Law of Oklahoma.

(5) That the only issues to be tried and submitted to a jury are, (a) were the injuries and death of Cecil Sanders proximately caused by the negligence of Bud Davis, and (b) if so, what is the amount of damages that should be recovered.

The defendants contend:

(1) That if Bud Davis was an independent contractor and Cecil Sanders was an employee of the said Bud Davis, the Court is without jurisdiction to entertain this action even though Bud Davis did not secure compensation insurance for his employees, and the complaint against these defendants should be dismissed for lack of jurisdiction.

(2) That the liability of defendants, if any, is secondary, and the remedy to enforce such liability is by a proceeding against them and Bud Davis before the State Industrial Commission of Oklahoma, and in such proceeding the amount of the award is limited by the provisions of the Workmen's Compensation Law of the State of Oklahoma.

(3) That if plaintiff does not desire to proceed against the said Bud Davis and the defendants before the State Industrial Commission of Oklahoma, he may maintain a common law action against Bud Davis alone.

Excellent briefs have been submitted by the attorneys for the respective parties supporting their contentions, and in addition to the briefs submitted by the parties, the Court has independently investigated the questions presented.

It is conceded by the plaintiff and the defendants that under the rules of conflict of laws, the law of the State of Oklahoma is the controlling substantive law since the injury which resulted in the death of the decedent occurred in the State of Oklahoma.

The defendants concede that if the plaintiff's decedent was an employee of the defendants, then under 85 Okl.St.Ann. § 12, the plaintiff has a right to maintain this action and the defenses of contributory negligence, assumption of risk, and the fellow servant doctrine are not available to the defendants; that the plaintiff would only be required to prove (1) facts bringing his decedent within the coverage of the Workmen's Compensation Law, (2) the injury of the employee, (3) negligence of the employer, and (4) proximate cause, that is causal connection between the negligence and the injury.

Since the defendants make this concession, the chief question to be determined is whether the defendants can, under the law, plead as a defense that Bud Davis was an independent contractor and that the plaintiff's decedent was an employee of the alleged independent contractor. This question must be resolved by a consideration of the provisions of the Workmen's Compensation Law of the State of Oklahoma, which appears in 85 Okl.St.Ann. §§ 1 to 176, inclusive. Sections 11 and 12 of the Act appear to be the controlling sections. Section 11 provides that:

"Every employer * * * shall pay, or provide * * * compensation * * * for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury * * *."

Section 11 further provides:

"* * * the liability of any person, firm or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under this Act, when other than the immediate employer of the injured employee, shall be as follows:

"1. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this State, and in case of a failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or so much thereof as may be reasonably necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this State. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * *

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Com-

pensation Law of this State, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this Act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. If it appears in such proceeding that the principal employer is liable for compensation under the terms of this Act, and the subcontractors of the independent contractor and their sureties, are also liable, then judgment or order shall be issued against all of such parties and execution may be issued therefor, but such execution shall first be enforced against those found liable other than the principal employer, and will be enforced as against the principal employer only for the residue of such claim after exhausting the execution against others liable therefor. Payment of the compensation found due by any of the persons liable therefor, shall be complete satisfaction of the claim as to other parties, but any person secondarily liable for such compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof."

Section 12 is as follows:

"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this Act, then an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee; provided, that this Section shall not be construed to relieve the employer from any other penalty provided for in this Act for failure to secure the payment of compensation provided for in this Act."

It should be borne in mind that the parties are in disagreement as to whether Bud Davis was an independent contractor and likewise they are unable to agree as to the effect upon the jurisdiction of the Court if the said Bud Davis was in fact an independent contractor. Therefore, the Court must assume that Davis was an independent contractor and thus determine whether the Court has jurisdiction of this suit upon the assumption that he was such, and upon the admitted facts that neither Davis nor the defendants had secured the payment of compensation under the Workmen's Compensation Law of Oklahoma.

The first paragraph of Section 11, supra, provides,

"that the liability of any person, firm or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under this Act, when other than the immediate employer of the injured employee, shall be as follows: * * *."

Then it is provided in 11(1) that:

"The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees."

"The manner hereinafter specified" is set forth in Section 11(2) which provides that the person entitled to compensation shall have the right to recover the same

directly from his immediate employer, the independent contractor or intermediate contractor, and his claim may be presented against all of such persons in one proceeding, and:

"If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this Act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor."

If the principal employer is found liable, "judgment or order shall be issued against all of such parties and execution may be issued therefor," but the execution shall be first enforced against those found liable other than the principal employer, and will be enforced against the principal employer only for the residue of the award after exhausting the execution against others liable therefor. Thus, the liability of the principal employer, as between him and his subcontractors, is secondary, but he is a guarantor, to the extent of his property subject to execution, to the employee for the payment of the award.

The Act does not specifically require a principal employer to secure compensation for the employees of an independent contractor, but does make it his duty to require the independent contractor to secure such compensation, and in the event the principal employer neglects to do so, he becomes liable for the compensation, which liability is enforced under the procedure provided in Section 11(2).

The defendants rely upon the cases of Mid-Continent Pipe Line Co. v. Wilkerson, 1948, 200 Okl. 335, 193 P.2d 586; Jordon v. Champlin Refining Co., 1948, 200 Okl. 604, 198 P.2d 408; and Deep Rock Oil Corp. v. Howell, Judge, 1948, 200 Okl. 675, 204 P.2d 282, to sustain their contention that the Court is without jurisdiction to entertain this common law action. Likewise, the plaintiff relies to some extent upon Mid-Continent Pipe Line Co. v. Wilkerson, supra.

None of these cases decide the precise question now before the Court. It is not necessary for the Court to review the facts in each of those cases, but it must be borne in mind that the independent contractor had secured compensation for his employees. It was contended by plaintiff in Mid-Continent Pipe Line Co. v. Wilkerson, supra, that plaintiff's common law right of action against the principal employer was recognized by the terms of the Workmen's Compensation Law and particularly relied upon Section 44 of the Act.

The Court stated at page 589 of the opinion as reported in 193 P.2d that it would, "consider that the liability of defendant is only that which is imposed by the Workmen's Compensation Law upon the principal employer for injuries to employees of an independent contractor." Further on the same page, the Court said:

"The effect of the law is to prescribe a liability which is to become absolute unless a certain thing is done. The fact that the absolute character is dependent upon a contingency does not alter the fact of its being a liability if designed as such."

The plaintiff contends that the liability of defendants prescribed in Section 11 is not exclusive because of defendants' failure to require the alleged independent contractor to secure compensation, and that because of their failure to cause the independent contractor to secure such compensation, they are liable at common law under Section 12 for all injuries sustained by the plaintiff's decedent, but the Section provides, "that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this Act, then an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such in-

jury, and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee".

The plaintiff argues that Section 12 applies to a principal employer as well as to any other employer. The argument is sound, provided the injured person is an employee of the principal employer, but here the defendants allege that the plaintiff's decedent was an employee of the independent contractor, and the right to maintain a common law suit only exists where "an employer has failed to secure the payment of compensation for *his* injured employee". The right to a common law action is not granted by the Act except to an employee against his employer, and then only in the event his employer has failed to secure compensation. If Bud Davis was an independent contractor as alleged by the defendants, the liability of the defendants is that prescribed by Section 11, and the procedure for enforcing that liability is provided therein. Under the provisions of Section 12 the liability and procedure so prescribed is exclusive.

On page 590 of 193 P.2d of the opinion in the Mid-Continent Pipe Line Co. case, the Court, in referring to the obligation imposed on a principal employer, said:

"That the obligation imposed upon the principal employer, conditional though it be, may be a liability if so intended, is clear. And the fact that the statute expressly declares not only that it is designed to be but is a liability removes any question concerning its character as such.

"In section 12 it is declared that such liability shall be exclusive. And the fact that the liability excluded was inclusive of liability for tort action except in certain cases is made clear by the context.

"We deem it manifest that it was the legislative intent to impose a liability upon the principal employer in the manner indicated and that the same should be exclusive. Such being true, this court is governed thereby. J. S. Bryan & Sons v. Vernor, 172 Okl. 382, 45 P.2d 468."

The Deep Rock Oil Corp, case and the Jordon case, supra, both approved and followed the Mid-Continent case, supra.

The liability of the defendants in this case does not depend upon any contract relation between the defendants and the plaintiff's decedent, but their sole liability is fixed and declared by the Act.

The plaintiff has also earnestly argued that since Section 11(2) makes the principal employer liable "for all such injuries to employees of his independent contractor" upon his failure to require the independent contractor to secure compensation, it was the intent of the Act to make the principal employer liable in a common law action and to further penalize him by denying him the defenses of the fellow servant rule, contributory negligence and assumption of risk. The answer to that argument is that the Act specifically prescribes the liability of the principal employer in such a case. The argument is appealing to the Court, but the Court is without power to change the provisions of the Act, even though the facts here disclose a most flagrant disregard of the law by these defendants.

Under the provisions of the Act the principal employer is under an obligation to require his subcontractor to secure compensation for the employees of his subcontractor, and if he fails to discharge that duty, the principal employer is potentially liable for compensation. Thus, the Act imposes upon the principal employer a responsibility which, if he fails to discharge, subjects him to liability regardless of whether on the facts of the particular case actual liability exists. For a discussion of this question, see Volume 2, Larson's Workmen's Compensation Law, Section 7231, Pages 175–177.

If upon a trial the proof establishes that the plaintiff's decedent was a direct employee of the defendants or if Bud Davis was not an independent contractor, then the jurisdiction of the Court will be com-

plete to proceed to a determination of the liability of the defendants, if any, to the plaintiff, and the defendants will be deprived of the alleged defenses that the injury was caused by the negligence of a fellow servant, or that plaintiff's decedent was guilty of contributory negligence, or that he had assumed the risk of his employment, and the extent of the recovery by plaintiff will not be limited by the provisions of the Workmen's Compensation Act.

On the other hand, if the proof establishes that Bud Davis was an independent contractor and that the plaintiff's decedent was employed by the said Davis, then the Court will be deprived of its jurisdiction to proceed and judgment dismissing the complaint of plaintiff for lack of jurisdiction will be entered.

Therefore, an order overruling plaintiff's motion to strike the alleged defense that the proximate cause of the injury and death of plaintiff's decedent was the negligence of Bud Davis, the alleged independent contractor, and his employees, should be entered.