BAIL BONDS — TOTAL AMOUNT WRITTEN ON SPECIFIC PARCEL OF LAND The basis for the security on a property bond written by a licensed property bondsman is fixed under the provisions of 59 O.S. 1324 [59-1324] (1971), as four (4) times the market value of the property. The market value is defined as four (4) times the assessed valuation of the property as recorded on the tax rolls, less any encumbrances. Once the basis has been established, subsequent undertakings are subtracted from the original basis. The Attorney General has considered your request for an interpretive opinion of 59 O.S. 1324 [59-1324] (1971), as it relates to the total amount of property bonds to be written by a licensed property bondsman on a specific parcel of land. You then ask the following question: "If a duly licensed property bondsman is the record owner of a parcel of real estate situated within the State of Oklahoma which is assessed at $5,000.00, i.e., having 'market value' of $20,000.00, and upon which he has previously posted an appearance bond secured by said property in the amount of $5,000.00, do you interpret sub-section (a) of this Statute to provide that such licensed bondsman is thereafter entitled to write bonds in the aggregate amount of $75,000.00 (i.e., the 'market value' of $80,000.00 less the previously written $5,000.00 bond) or, do you interpret this Statute to limit the aggregate amount of bond subsequently written to the total sum of $60,000.00 (i.e., the 'market value' of $20,000.00 less said previously written $5,000.00 bond = $15,000.00 multiplied by four) ?" Title 59 O.S. 1324 [59-1324] (1971) provides: "Where the undertaking is a property bond, whether posted by a bail bondsman, the defendant personally, or by any other person, said bond shall give the legal description of the property, the assessed valuation, the amount of encumbrances, if any, and the status of the legal title, all by affidavit. Any property located within the state wherein the bail is allowed, that is subject to execution shall be accepted for security on a property bond for the market value of the property. Market value is defined to be four times the assessed valuation of the property as recorded on the tax rolls, less any encumbrances thereon; provided, that homesteads may be accepted as security for appearance if the homestead exemption is waived in writing. Such waiver shall be verified and executed by the spouse, if any. The property listed upon any property bond or bonds will be security on said bonds up to the aggregate amounts as follows: "(A) In the event of bonds written by a licensed property bondsman; four times the market value of said property. "(B) All other property bonds; in the face amount of the market value of said property. "The court clerk, upon the approval of a property bond, shall forthwith file a certified copy of said bond in the office of the county clerk in which the property is located, transmitting to the county clerk the filing fee which will be paid by the person executing said bond. The county clerk shall index said bond upon his tract index as a lien against said described property, and such bond shall be a lien upon the real estate described therein until a certificate discharging said bond shall be filed in the office of the county clerk. Said lien shall be superior to any conveyance, encumbrance or lien thereafter pertaining to said property. When said bond shall have been discharged the clerk of said court shall issue to the surety a certificate of discharge describing the bond and the real property, which shall, upon filing with the county clerk and the payment of the filing fee, be recorded in the tract index. An abstract company preparing an abstract upon such real estate, shall be required to list in said abstract only the undischarged lien and shall not list any discharged liens." 59 O.S. 1324 [59-1324] plainly provides that property located within the State wherein the bail is allowed and where subject to execution shall be accepted for security on a property bond for the market value of the property. Market value is therein defined as four times the assessed valuation of the property as recorded on the tax rolls, less any encumbrances. Thus, under the hypothetical situation you alluded to in your request for an opinion, if the assessed valuation of the property as recorded on the tax rolls was five thousand dollars ($5,000.000), under the provisions of 59 O.S. 1324 [59-1324], the market value of said parcel of land would be twenty thousand dollars ($20,000.00). Under sub-paragraph (A), the amount of twenty thousand dollars ($20,000.00) would be multiplied by four for the value of the security. The basis, therefore, would be eighty thousand dollars ($80,000.00). The five thousand dollars ($5,000.00) you alluded to in your factual statement that was previously written would be subtracted from the original basis to ensure accuracy of value and sufficient collateral for the cognizee or obligee of that undertaking, if there is a breach of the undertaking. Thus, a cardinal rule of statutory construction is to ascertain the intention of the Legislature which should ordinarily be done by consideration of language of the statute. City of Bristow, ex rel. Hodges v. Groom, 151 P.2d 936, 144 Okl. 384. In construing a statute, legislative intent, when ascertained, must control. J. S. Bryan Sons v. Vernor,45 P.2d 468, 172 Okl. 382; Childers v. Paul, 57 P.2d 872,177 Okl. 111. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The basis for the security on a property bond written by a licensed property bondsman is fixed under the provisions of 59 O.S. 1324 [59-1324] (1971), as four (4) times the market value of the property. The market value is defined to be four (4) times the assessed valuation of the property as recorded on the tax rolls, less any encumbrances. Once the basis has been established, subsequent undertakings are subtracted from the original basis. (NATHAN J. GIGGER) (ksg)