**John M. CLARK and Linda Ann Clark, Appellees,**

**v.**

**James W. MILLER, d/b/a Miller Construction Company, Appellant.**

**No. 55330.**

Court of Appeals of Oklahoma, Division No. 1.

June 16, 1981.

Released for Publication by Order of Court of Appeals July 16, 1981.

---

2. *Loggins v. Wetumka General Hospital*, Okl., 587 P.2d 455 (1978).

Phil Frazier, Tulsa, for appellees.

Gerald R. Miller, Muskogee, for appellant.

WILSON, Judge:

This case involves construing 12 O.S. Supp. 1979, § 940, a recently enacted attorney's fee statute. Part A of § 940 requires the court to award attorney's fees to the prevailing party in actions for negligent or willful injury to property while Part B covers various settlement situations. We are asked to review the trial court's interpretation of the word "may" in the first sentence of Part B, which reads:

B. Provided that, the defendant in such action *may*, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. (emphasis added)

The trial court, taking Part B as a mandatory, "forced settlement" provision, concluded that "may" means "shall" in this context and that making a settlement offer is a "condition precedent" to a defendant's recovery of attorney's fees. Thus, although plaintiff Clarks' property damage suit resulted in a jury verdict against them, the trial court denied defendant Miller's request for attorney's fees since he had not offered to settle the case. Defendant appeals.

The cardinal goal of statutory construction is to follow the intent of the Legislature. *Independent School Dist. No. 89 of Oklahoma County v. Oklahoma City Federation of Teachers, Local 2309 of American Federation of Teachers*, 612 P.2d 719 (1980); *J. S. Bryan & Sons v. Vernor*, 172 Okl. 382, 45 P.2d 468 (1935). To that end, various rules of construction hold that statutory words "are to be understood in their ordinary sense, except when a contrary intention plainly appears," 25 O.S. 1971, § 1; that statutes are to be construed as a harmonious whole, *Independent School Dist. No. 89, supra*; and that absurd results are to be avoided, *Continental Federal Savings and Loan Ass'n v. Oklahoma Tax Commission*, 601 P.2d 743 (Ct.App. 1979).

Applying these settled principles in a number of contexts, our Supreme Court has

often held that "may" usually implies "permissive or discretional, and not mandatory, action or conduct," *Shea v. Shea*, 537 P.2d 417 (1975), while "shall" is usually "given its common meaning of 'must' . . . implying a command or mandate," *Sneed v. Sneed*, 585 P.2d 1363 (1978). *See also, Oldham v. Drummond, Board of Education of Independent School Dist. No. 1–85*, 542 P.2d 1309 (1975); *Oklahoma Alcoholic Beverage Control Board v. Moss*, 509 P.2d 666 (1973).

On rare occasions, including *Association of Classroom Teachers of Oklahoma City, Inc., v. Independent School Dist. No. 89 of Oklahoma County*, 540 P.2d 1171 (1975), relied on by appellee plaintiffs, the Court has held that "may" can mean "shall" where to hold otherwise would "defy fundamental logic" and "defeat the purpose and intent of the statute."

 Considering the instant statute, we think that according the word "may" its ordinary meaning as permissive rather than mandatory neither defies logic nor defeats the statute's purpose. Construing § 940 as a whole, we see a purpose to provide for attorney's fees in the first place, to facilitate and even encourage settlement, to supply the mechanics, and to spell out the effect of the settlement offer on attorney's fees depending on the outcome of the case. We do not see in Part B a legislative intent to force settlements, but rather a procedure for handling attorney fees if defendants do, as the statute says they may, offer to settle.

We note also that Part A is written, not in permissive, but in mandatory terms:

A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs relating to such action, the prevailing party *shall* be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action. (emphasis added).

Since the Legislature used the mandatory "shall" in Part A, it would have been a simple matter to use it in Part B, if the intent had been to mandate or require settlement offers.

Appellee plaintiffs lay much stress on language in the Title of the Act stating it provides "exceptions." To our mind, the "exceptions" described in Part B occur if and when a defendant opts to make a settlement offer. We do not read them to require such an offer. For further discussion of this and other problems raised by § 940, *see* Eldridge, "The Taxing Of Attorney Fees As Cost In Actions For Injury To Property," 51 O.B.J. 2800 (Nov. 29, 1980).

Finally, construing "may" to mean "shall" in this statute could easily lead to absurd results—namely defendants, faced with totally frivolous suits, forced to either offer to settle the case or sacrifice the attorney's fees they are entitled to under Part A if they prevail. We do not believe the Legislature intended to create this dilemma. Rather, a plain reading of the statute as a whole lends us to believe the Legislature meant "may" when it said "may."

For these reasons, we conclude that the trial court's interpretation of 12 O.S.Supp. 1979, § 940 as requiring defendants to make a settlement offer as a condition precedent to recovering attorney's fees was erroneous. There being no question that the plaintiffs' action was for negligent or willful injury to property, and no question that the defendant prevailed below, he was entitled to an attorney fee under Part A and this entitlement should not have been defeated because he did not choose to offer a settlement as permitted, but not required, by Part B. Hence, the order denying his motion for attorney's fees is reversed and the case remanded to the trial court for the setting of a reasonable attorney fee to be taxed and collected as costs.

REVERSED AND REMANDED.

BOX, P. J., and REYNOLDS, J., concur.